Martz, Appellant, *v.* Butler County Mushroom
Farm, Inc., et al.

Argued May 7, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE,
RHODES, HIRT and KENWORTHEY, JJ.

*Clair D. Moss,* for appellant.

*Harry J. Nesbit,* with him *John L. Wilson,* for appellee.

OPINION BY CUNNINGHAM, J., July 23, 1942:

The unfortunate claimant in this workmen's compensation case, an illiterate foreigner past sixty years of age and speaking little English, is almost totally blind. The sight of his right eye was practically lost some twenty years ago. By his second claim-petition in this case he sought compensation for the permanent loss of the use of his left eye through an "injury by an accident" (within the meaning of Section 301 of our Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §§ 411, 431) during the course of his employment on December 23, 1937, with the defendant, Butler County Mushroom Farm, Inc. His description in his petition of the alleged accident was: "Standing in front of a manure turning machine when a foreign substance flew in both eyes." His counsel, in writing the history of the case, gives this description of the nature of claimant's employment: "He worked on the defendant's composting ground where a machine was used to throw manure a distance of 20 feet into the air to aeriate it in connection with a curing process necessary for use in defendant's mushroom beds. These beds were constructed under ground in an abandoned limestone mine at West Windfield, Butler County, Penna. Stones, bones, bottles, and glass were thrown into the air, along with manure, by this aeriating machine."

Claimant's version of the occurrence in his testimony was that while working about the machine something hard hit him in his left eye, causing him to see stars. Immediately he felt pain in both eyes and was completely deprived of vision in the left. The theory upon

which claimant's counsel relied was that the blow caused the detachment of the retina.

There were no witnesses to the alleged accident. Claimant did not produce any fellow workmen who saw it take place. Defendant called claimant's immediate supervisor, and their foreman, along with co-employees, none of whom witnessed the incident, nor did the company receive any immediate notice thereof.

The defense was: (1) That claimant, on the day in question was engaged in his usual work in the usual manner and nothing unexpected, fortuitous, or out of the ordinary course of events, happened to him, and (2) that the conceded loss of the sight of his left eye was caused by the normal development and progress of a preexisting diseased condition of that organ.

Claimant, therefore, had the burden of proving both an accident and an injury resulting therefrom: *Adamchick v. Wyoming Val. Col. Co.,* 332 Pa. 401, 3 A. 2d 377.

The controlling finding of fact by the referee, adopted by the board, was that he proved neither. It reads: "Ninth: From a consideration of all the testimony, your referee finds as a fact that the claimant, while employed by the defendant on December 23, 1937, did not sustain an injury to his left eye, or his right eye, by accident, but that his blindness in either eye was due to a natural cause."

Although this finding contains an unnecessary reference to claimant's right eye, which was not involved in the case, and is not as clearly expressed as it might have been, it obviously means that the compensation authorities, after considering and weighing claimant's testimony in connection with the other evidence upon the record and passing upon his credibility, as was their duty, rejected, as was within their province, his statement that he had been struck in his left eye by some hard substance and had thereby suffered an in-

jury by violence to that member. The acceptance or rejection of his testimony was entirely and exclusively for them. They were not required, as is contended by claimant's counsel, to accept his oral evidence because it was not directly contradicted. They were the final judges of his credibility.

Upon claimant's appeal to the common pleas from the order of the board disallowing his claim, the record was carefully reviewed, and the authorities cited in his behalf considered, by WILSON, P. J., with the result that the appeal was dismissed and judgment, in effect, entered for the defendant employer. This appeal by claimant from that judgment followed.

We here have another workmen's compensation case in which the board found the facts against the party having the burden of proof and we are asked to reverse those findings. What was said in *Kasman v. Hillman Coal and Coke Co.*, 149 Pa. Superior Ct. 263, 27 A. 2d 762, about the futility of such appeals, unless the record contains no substantial and competent evidence supporting the findings, or the law has been misapplied to the facts as found, need not be repeated here.

The evidence supporting the findings of the compensation authorities may be thus summarized: Dr. G. A. Hunt, an ophthalmologist to whom claimant was taken the day following that of the alleged accident, by reason of soreness and burning in his eyes, testified he found claimant suffering from acute purulent conjunctivitis of the left eye, and a dark blue, well defined, mass in the posterior and anterior portions of the fundus of that eye, which he diagnosed as melanoma, or pigmented tumor. He found no evidence of trauma, but the tumor caused partial detachment of the retina. In his opinion the condition of claimant's left eye was due entirely to natural causes.

Dr. Edward Stieren, another specialist called by defendant, examining claimant February 14, 1939,

found an incipient senile cataract, causing total blindness in his left eye and preventing the witness from observing any tumor or detachment of the retina. In his opinion the cataract was not caused by trauma but had existed for a considerable period preceding the alleged accident.

Opposed to the opinions of these two experts was that of Dr. Louis W. Statte, an ophthalmologist called by claimant, whose examination was made on August 9, 1938. He testified he received a history from the claimant that something struck him in the eye, and he became suddenly blind. His examination disclosed a complete retinal detachment, but no tumor. In his opinion it was "within reason to consider the *possibility* of a close relationship between the injury sustained on December 23, 1937, and the present condition of the patient's left eye." (Italics supplied.)

We have frequently said that where the record contains substantial competent evidence supporting a finding of fact it cannot be reversed by any court, although there may be other evidence which, if it had been accepted by the board, would have sustained a different finding: *Kennedy v. Holmes Const. Co.*, 147 Pa. Superior Ct. 348, 24 A. 2d 451; *Eckenroad v. Rochester & Pittsburgh Coal Company*, 149 Pa. Superior Ct. 257, 27 A. 2d 759.

Moreover, the testimony of Dr. Statte falls far short of being such a *definite* expression of a professional opinion—that the condition of claimant's eye, as he found it, had resulted from the cause assigned by the patient—as would, under the established rule, support a finding of causal relationship: *Elonis v. Lytle Coal Co.*, 134 Pa. Superior Ct. 264, 3 A. 2d 995; *Monahan v. Seeds & Durham et al.*, 336 Pa. 67, 71, 6 A. 2d 889.

As the findings of the board are justified by evidence upon the record, and as the law has been properly applied to them, the assignments of error must be overruled.

Judgment affirmed.