Naida, Appellant, v. Russell Mining Co.

Argued March 4, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Roger J. Dever,* for appellant.

*E. C. Marianelli,* for appellee.

OPINION BY ROSS, J., July 19, 1946:

In this workmen's compensation case the claimant filed a petition alleging that he was injured in the course of his employment on August 13, 1942, and that, as a result of the accident, he suffered an inguinal hernia. The referee, after hearing, found that on August *12,* 1942 the claimant, while loading a car of coal slipped and hurt his *back;* that claimant suffered no accident on August 13, 1942; that claimant at the time of the hearing was totally disabled from a right inguinal hernia but that the hernia was not caused by the accident of August 12th, and disallowed compensation on the ground that the only accident the claimant had was on August 12th and that this did not result in any loss of earning power. The claimant appealed to the Workmen's Compensation Board, which remanded the case to the referee for a rehearing for the reason that because of the stenographer's induction into the armed services, the testimony had not been transcribed. After the second hearing the referee found that on August *13th* the claimant, while loading a car of coal slipped and felt pain in his back and *right groin,* and that the right inguinal hernia from which he was suffering was a result of the accident of

August 13, 1942, and awarded compensation. Upon appeal, the board vacated and set aside the referee's second findings of fact, conclusions of law and award, and in lieu thereof reinstated the original findings, conclusions and order of the referee as made after the first hearing. From this disallowance of award the claimant appealed to the Court of Common Pleas of Lackawanna County, which affirmed the board, and this appeal followed.

In the case at bar, there was a conflict of testimony. In his discussion after the first hearing the referee stated, "We are not attaching much credibility to the testimony of the claimant . . .", and in the opinion of the board after the second hearing the board stated, "The disposition of this case depends, to a large extent, upon the value given to the testimony of the claimant himself. In the first instance, the referee made it unmistakably clear that he considered the claimant's testimony or certain essential parts thereof, unworthy of belief. This testimony, by the same interested witness appears to have undergone considerable change—not detrimental to his interests—at the time of the second hearing. We then have a situation where a referee, who had previously rejected the claimant's testimony as incredible, now accepts the same as modified, changed, and it is to be assumed, strengthened to meet the deficiencies apparent during the first hearing. The board fails to understand how additional inconsistencies and changes in the testimony of a witness who has already impressed the referee with his lack of candor and frankness, would serve to add to its probity of value. Under ordinary circumstances, the board is loath to disturb a referee's decision where the same entails a substitution of our own appraisal of the credibility of witnesses who, having appeared in person before the referee, afforded him greater opportunity to observe their demeanor on the witness

stand and from this observation form an opinion as to the credibility of the witness. In the instant case, however, the board is of the opinion that all of the surrounding circumstances combine to support the referee's original appraisal." Whether a witness is worthy of belief is a question to be decided by the fact-finding body, the board. The choice of what evidence is to be accepted or rejected lies with the board. It is the final judge of the claimant's credibility. *Martz v. Butler County Mushroom Farm, Inc.,* 149 Pa. Superior Ct. 276, 27 A. 2d 765. The board is not required to accept even uncontroverted testimony as true. *Walsh v. Penn Anthracite Mining Co.,* 147 Pa. Superior Ct. 328, 24 A. 2d 51. If the board reached the conclusion that the version of the facts as set out in the referee's first decision was more in keeping with the truth than that of the second finding, and adopted the first findings of fact, conclusions of law and denial of compensation rather than those of the second finding, that was within the province of the board.

Appellant contends that the board disregarded the testimony of Dr. E. T. Davies and, therefore, *improperly* reversed the findings of the referee. There is no merit to this contention, either in law or in fact. Dr. Davies testified only to what claimant had told him sometime after the accident and the board stated, supra, ". . . The board is of the opinion that *all of the surrounding circumstances* combine to support the referee's original appraisal." (Italics supplied.) The burden of proof was upon the claimant to show that he incurred a compensable accident in the course of his employment, and, if the evidence to sustain that burden was not believed by the board or was so indefinite and inconsistent that it could not be accepted as a basis for a finding which would sustain an award, no compensation need be given. (*Seitzinger v. Fort Pitt Brewing Company,* 294 Pa. 253, 144 A. 79), and the

board concluded that claimant had not met his burden of proof. Since the decision of the board was against the party having the burden of proof, the claimant, the question before this court is whether the board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence. *Walsh v. Penn Anthracite Mining Co.,* 147 Pa. Superior Ct. 328, 24 A. 2d 51; *Kline v. Kiehl et al., Appellants,* 157 Pa. Superior Ct. 392, 43 A. 2d 616. From an examination of the record, the answer to this question must be in the affirmative.

Judgment is affirmed.