Bartha, Appellant, *v.* Campbell et al.

Argued October 29, 1946. Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*C. Brewster Rhoads,* with him *Maurice S. Levy,* for appellant.

*J. Webster Jones,* with him *Harvey Geiger,* for appellees.

OPINION BY DITHRICH, J., November 18, 1946:

Claimant in this workmen's compensation case suffered the loss of his left leg. The referee awarded compensation, but the board dismissed the claim petition on the ground that no accidental injury was sustained. The court of common pleas, holding that the question was one of fact, upheld the action of the board. Claimant appeals from the judgment of the court of common pleas.

Claimant, a carpenter, was employed by defendant William Campbell, whose business was that of a carpenter contractor. His claim petition alleges that while he was repairing a fence on November 9 or 10, 1944, an iron bar fell, striking him on the left foot and leg. He continued to work until December 26, 1944, when he could no longer walk because of his injury. A few days later, his doctor sent him to the hospital and his left leg was amputated.

Claimant himself was the only witness who testified as to the happening of the alleged accident. His wife testified that when he came home from work on the day of the alleged accident, his foot was red and swollen. Claimant also testified that he reported his injury to the defendant the next day. Defendant, however, denied that claimant told him that he had an accident at that time and said that he first heard about the alleged accident in the latter part of January. Dr. McCloskey, claimant's physician, testified that he was called in on the night of December 27, 1944, to treat claimant for acute bronchitis. He also examined claimant's leg. He knew that claimant was suffering from anthrax and his diagnosis of the condition of the leg was that it was caused by anthrax. Dr. McCloskey did not learn of the alleged injury until sometime after February 13, 1945. Dr. Rosemond, the surgeon who amputated the leg, testified that claimant had beginning gangrene in the middle and large toes and there was evidence of arterio sclerosis. The history of the case taken at the hospital disclosed a broken left ankle in 1917, but made no mention of the alleged injury.

The findings of fact of the referee to the effect that claimant had sustained an accidental injury in the course of his employment on November 9 or 10, 1944, were vacated by the board, and the board made its own findings to the effect that claimant had *not* sustained any accidental injury and that the loss of his left leg was *not*

due to any alleged accident occurring on either of the aforesaid dates.

Appellant questions whether the board may hold, as a matter of fact, that there was no accident where the claimant's testimony, corroborated by his wife and uncontradicted by any evidence offered by the defendant, proves the happening of an accident. That the board is not required to accept even uncontroverted testimony as true is a well established principle of workmen's compensation law: *Naida v. Russell Mining Co.*, 159 Pa. Superior Ct. 155, 48 A. 2d 16; *Maskovyak et ux. v. Sonman Coal Co.*, 155 Pa. Superior Ct. 411, 38 A. 2d 345; *Walsh v. Penn Anthracite Mining Company*, 147 Pa. Superior Ct. 328, 24 A. 2d 51.

Appellant's principal contention, however, is that the board's finding that there was no accidental injury is not a finding of fact but a conclusion of law reviewable by the court. When the board vacated the referee's third finding of fact that ". . . an iron bar fell, striking the claimant on his left foot and leg, . . ." which was a basic fact, the board substituted in lieu thereof its own ultimate finding ". . . that claimant failed to sustain any accidental injury . . ." While not a basic finding, it is nonetheless a finding of fact and by necessary implication carries with it the basic finding that a bar did not fall on claimant's foot. In the cases relied on by appellant, the basic facts were not in dispute. Here the basic facts, to-wit, the happening of an accident, was controverted by defendant; and the board having found as a fact that there was no accident or, in other words, that appellant did not sustain any accidental injury, it being the final fact finding body and its findings being supported by competent evidence are conclusive. After a careful review of the record, we repeat what we said in *Maskovyak et ux. v. Sonman Coal Co.*, supra, page 414: "We discover nothing in this record to justify our holding that the findings of fact are inconsistent with each

other or that the conclusions of law are not sustained thereby and are in capricious disregard of the competent evidence. *Walsh v. Penn Anthracite Mining Co.*, 147 Pa. Superior Ct. 328, 24 A. 2d 51; *Schrock v. Stonycreek Coal Co. et al.*, 152 Pa. Superior Ct. 599, 33 A. 2d 522."

Judgment affirmed.