### KWASIZUR v. CARDILLO et al.

No. 9678.

United States Court of Appeals Third Circuit.

Argued Dec. 22, 1948.

Decided April 28, 1949.

236

E. Herman Fuiman, Philadelphia, Pa., for appellant.

James P. McCormick, Philadelphia, Pa. (Gerald A. Gleeson, United States Attorney, Philadelphia, Pa., Ward E. Boote, Chief Counsel, Herbert P. Miller, Assistant Chief Counsel, Bureau of Employees' Compensation, Washington, D. C., Howard R. Detweiler, and Frank R. Ambler, Philadelphia, Pa., on the brief), for appellees.

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

The appellant is the administratrix of the estate of Ignatius Kwasizur and seeks to recover for an injury sustained by her intestate in his lifetime. Kwasizur claimed compensation prior to his death under the Longshoremen's and Harbor Workers' Compensation Act. 33 U.S.C.A. § 901 et seq. The Deputy Commissioner who heard the testimony decided adversely to the plaintiff's claim. He made a finding of fact that the injury which he found Kwasizur to have suffered did not arise out of or in the course of the employment. The claim was then taken to the United States District Court for the Eastern District of Pennsylvania pursuant to the provisions of the statute. 33 U.S.C.A. § 921(b). It was heard by a visiting Judge who set aside the Commissioner's findings and order because, in his opinion, they were not sustained by the evidence. The case was reopened upon petition by the United States Attorney. One of the resident Judges heard the case upon reargument and following the rendition of an opinion contra to the first Judge's view, ordered reinstatement of the order of the Commissioner. Claimant appeals.

It is to be noted at the outset that court review in such a case as this is very limited. The statute, 33 U.S.C.A. § 919(a), confers upon the Deputy Commissioner "full power and authority to hear and determine all questions in respect of such claim. * * *" The Supreme Court has told us in Cardillo v. Liberty Mutual Insurance Co., 1947, 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028 that the statute means what it says. While the propriety of the inference drawn from basic facts is "vital to the validity of the order subsequently entered" the scope of judicial review is sharply limited. Judicial function is "exhausted when it becomes evident that the Deputy Commissioner's choice has substantial roots in the evidence and is not forbidden by the law." 330 U.S. at page 478, 67 S.Ct. at page 806, 91 L.Ed. 1028. It is quite clear that we are not to retry the facts nor weigh the various pieces of testimony to see which way we think the case should come out.

The claimant's theory is that Kwasizur fell on the deck of the ship where he was employed by a ship cleaning concern. The injured man, in his lifetime, testified at the hearing to that effect. He said he was going from one winch to another, a move entirely relevant to his job, and stumbled and fell to the deck. He knew nothing thereafter, he said, until he recovered consciousness in the local hospital several days later. If his story was to be believed he showed himself, no doubt, entitled to compensation. His sole supporting witness was seriously discredited upon cross-examination, however, and the evidence of the foreman of the crew on which Kwasizur worked did not help him much. This foreman put in a claim for compensation on the injured man's behalf, but did so purely as a routine matter without knowledge of the facts of the injury.

Suppose the case had stopped right here and that no one else had offered any testimony. Could a finding by the Deputy Commissioner that the injury was not suffered in the course of employment

be sustained? We think undoubtedly it could. As already stated, a corroborating witness's testimony was shot all to pieces in cross-examination and a reading of the foreman's testimony really does not strengthen Kwasizur's case. As for Kwasizur, himself, it could hardly be claimed that the Deputy Commissioner was bound to accept the truth of the story, even though it were not contradicted, if it seemed to him, as the trier of facts, an improbable one. We think, therefore, if no further testimony had been presented except that offered on behalf of the claimant, the finding against him could not be disturbed by a court.

■■ That being so, we are not faced with the difficult question of determining how far the Deputy Commissioner can go in basing a finding on hearsay piled on hearsay. The statute says that technical rules of evidence do not have to be followed. 33 U.S.C.A. § 923. But presumably that direction does not mean a substitution of gossip for observation. There was introduced testimony of a City detective named Munn. He told about his trip to the ship following the accident and conversations had with the men there. When, upon further questions being asked, he stated that the case had been removed to another detective office because it was out of his (Munn's) district, he was permitted to relate what the other detective had reported. All this gets pretty far away. No doubt statements by Kwasizur which he made to another which differ from statements which he gave at the hearing are admissible to impeach his testimony. And it certainly is true that under State Workmen's Compensation Acts having provisions similar to the one here involved, hearsay testimony has been admitted and is sometimes even said to be enough to sustain a claim.[1] But whether what a detective said another detective said a witness said would be enough to prove a claim, is something we are glad we do not have to decide in this case. We do not have to find that the Deputy Commissioner was right in concluding that Kwasizur fell down while running away from a man whose pockets he was endeavoring to rifle. It is enough that he finds that Kwasizur's injury was not sustained in the course of his employment.

■■ The appellant complains that the District Judge reopened the case. We think the point is not well taken. An appearance was entered on behalf of the Deputy Commissioner by the counsel for the employer and insurance carrier. This was quite unauthorized.[2] Furthermore, the statute is quite clear that the Deputy Commissioner is the proper party defendant and that the United States Attorney is to represent him. 33 U.S.C.A. §§ 921 (b), 921a. We think the Trial Judge exercised proper discretion under Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., in reopening the case when it appeared that the United States Attorney's office was not properly notified.

The appellant also makes the point that the employer and insurance carrier did not appeal. Of course, there is no reason why they should; undoubtedly they are satisfied with the action of the District Court in restoring the Deputy Commissioner's finding.

The judgment appealed from will be affirmed.

[1] State Compensation Insurance Fund v. Industrial Accident Commission, 1924, 195 Cal. 174, 231 P. 996; Baker v. Industrial Commission, 1933, 44 Ohio App. 539, 186 N.E. 10; American Furniture Co. v. Graves, 1925, 141 Va. 1, 126 S. E. 213. For discussions of the subject and the "residuum of legal evidence" rule, see Horovitz, Workmen's Compensation 238 et seq. (1944); 1 Wigmore, Evidence § 4c, p. 79 et seq. (3d ed. 1940).

[2] See Rev. Tit. 28 U.S.C.A. § 507; Sutherland v. International Insurance Co. of New York, 2 Cir., 1930, 43 F.2d 969.