**HUDNELL v. O'HEARNE et al.**
No. 3376.

United States District Court
D. Maryland.
Sept. 27, 1951.

Amos I. Meyers, Baltimore, Md., for plaintiff.

Norman P. Ramsey, Harold Tschudi, Semmes, Bowen & Semmes, Baltimore, Md., for defendants.

CHESNUT, District Judge.

This case presents a complaint to set aside, as not in accordance with the law, an award made by the Deputy Commissioner, under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The complaint was filed by the claimant. The question presented is whether the award made by the Deputy Commissioner was supported by substantial evidence in view of the whole record of the case. In O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, it was conceded by both parties that the scope of review is now controlled by the Administrative Procedure Act of June 11, 1946, 60 Stat. 237, 5 U.S.C.A. § 1001 et seq. See also, Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456. In view of this last cited case I have read and considered the record as a whole to determine whether the award is supported by substantial evidence.

As usual the Deputy Commissioner made findings of fact. From this and other evidence in the record of the hearing, the principal facts may be very briefly stated as follows. Claimant is an unmarried man forty years of age, who prior to April 16, 1950, had for several years been employed as a stevedore. On that date he missed a step in descending a ladder into the hold of the ship and fell about nine feet to the deck below, striking and hurting his back and side. He at first tried to treat himself at home, but in a few days saw and obtained medical attention furnished by the employer. His trouble was diagnosed as two broken ribs. From this, as was stated by the Deputy Commissioner, he made an uneventful recovery. He was, however, wholly disabled from April 17 to May 11, 1950, inclusive. He worked two days, May 12 and 13, and was again wholly disabled from May 14, 1950, to May 21, 1950, and from May 23, 1950, to June 26, 1950, inclusive. He worked on June 27, 1950 but was again disabled from June 28, 1950 to July 9, 1950. Subsequent to July 9, 1950, he has complained of disability in his lower back, and disability payments were continued by the employer up to and through February 4, 1951, when they were discontinued. He received a total of $1,080.04 as disability benefits.

After the discontinuance of disability payments by the employer he filed a formal claim for compensation on February 6, 1951. A formal hearing was held on April 20, 1951, at which time the claimant and two doctors, one an orthopedist, testified at considerable length. The Deputy Commissioner determined the claimant was not entitled to further disability compensation and rendered his award to that effect on May 7, 1951. On the same date he made a memorandum in the nature of a written opinion which was as follows:

"Case No. 80–538
"May 7, 1951

"Compensation was paid for temporary total disability from April 17, 1950, to July 9, 1950, except for May 12th, 13th, 22nd, and June 27, 1950, on which day the claimant worked as a longshoreman. There has been no complaints of disability after July 9, 1950, due to the fracture of the ribs.

"Medical reports covering examination of the claimant subsequent to July 9, 1950, were not sufficiently descriptive to support the conclusion that the claimant was dis-

abled for his usual work on account of the residuals of his injury of April 16, 1950. In fact, I could note no finding that was not based on observation of outward manifestation within the claimant's control. In order to resolve any doubt as to whether there were symptoms of a pathological cause for the claimant's complaints, a hearing was held on the claim. Two doctors appeared to testify for the claimant, although in justice it should be noted that Dr. Ullrich, the orthopedic specialist, examined for the carrier as well as for the claimant. The best that Dr. Levin could say was that it is his impression that the claimant has a lumbo-sacral sprain (page 24 of transcript). Dr. Ullrich, the expert orthopedist, testified to lumbosacral sprain (page 32). In answer to my question as to whether his opinion was based on subjective complaints, he answered, 'History, if his subjective complaints coincide with his history in the course, that is as far as you can go because nobody dissects a sprained back as far as I know.'

"It is well settled in law, and I believe the same test should apply to compensation cases, that the testimony of physicians, and particularly that of experts, is incompetent when based on history as related by claimant, particularly some months later, and subjective complaints, even if during the examination outward manifestations are observed that are within the control of the claimant.[1]

"It is my conclusion, after review of the evidence, that the claimant has made an uneventful recovery from his injury of April 16, 1950, and was able to resume his regular work as of July 10, 1950.

"On review of the file, it appeared that compensation was paid beyond July 9, 1950, and in calling Mr. Tschudi, he informed me that compensation was paid through February 4, 1951, in the amount of $1080.04. A corrected 208 will be submitted. In view of this, I will extend the period of disability to cover the compensation paid.

"(S) Stephen O'Hearne<br>"Deputy Commissioner."

From this it appears that the case, as viewed by the Deputy Commissioner, was in substance this. Claimant on April 16, 1950, sustained a fracture of two ribs from which he made an uneventful recovery, but he still complained of pains and weakness in his back, which he contended disabled him from continuing the heavy physical labor of a stevedore. The employer continued disability payments until February 4, 1951. Thereafter, claimant contended that he was still unable to do more than light work such as washing automobiles and windows and could not continue the former stevedoring work. He therefore claimed permanent partial disability compensation. The medical testimony at the hearing was to the effect that there was no objective evidence of physical disability in his back. The X-rays showed no fracture of the spine. His physical reactions were substantially normal. The only evidence of physical incapacity was the claimant's own statement of his physical condition. The medical men could find no substantial basis for these complaints except the subjective ones made by the plaintiff. Based only on the history of his case as given to them by the claimant, and his personal subjective statements as to pain or weakness in his lower back, the experts said they diagnosed his condition as lumbosacral sprain causing about 25 per cent. partial disability. It is apparent, therefore, that the Deputy Commissioner, in weighing the evidence, refused to accept as credible the claimant's own statements. The legal position now contended for by claimant's counsel is that the Deputy Commissioner was not justified on the record in making this conclusion. After considering the whole record I conclude that the contention cannot be successfully maintained.

There have been so many decided cases arising under this federal statute that the scope of judicial review is now well settled. █ Prior to the recent decision of the Supreme Court as to the effect of the Administrative Procedure Act, it was held that the findings of facts by the Deputy Com-

---

1. This view as stated by the Deputy Commissioner finds support in Schneider, Workmen's Compensation Vol. II, § 510, p. 1769, and Wells Bros. Const. Co. v. Industrial Comm., 306 Ill. 191, 137 N.E. 791.

missioner must be accepted on judicial review, if supported by the evidence, or, as sometimes expressed, by substantial evidence. The Administrative Procedure Act as now recently interpreted by the Supreme Court somewhat broadens this scope of review. But, as so broadened, I am unable to say that on the evidence before the Deputy Commissioner he was not justified in reaching the conclusion that he did.

It was, of course, incumbent on the claimant to establish by evidence before the Deputy Commissioner the sufficiency of the claim to the latter's satisfaction. The Deputy Commissioner was obliged to weigh and appraise the evidence and the inferences to be properly drawn therefrom. In doing so he was not obliged to accept as credible claimant's statement as to his physical condition, based only on subjective symptoms, if on the whole record before him, including his personal observation of the claimant, he was unwilling to accept it as correct. Nor is the Deputy Commissioner obliged to accept as necessarily correct the opinions of experts nor the credibility of even uncontradicted evidence, if not found credible. Wilson & Co. v. Locke, Dep. Com'r, 2 Cir., 50 F.2d 81, 83; Cardillo, Dep. Com'r v. Liberty Mutual Ins. Co., 330 U.S. 469, 478, 67 S.Ct. 801, 91 L. Ed. 1028; Jarka Corp. v. Norton, Dep. Com'r, D.C., 56 F.2d 287, 288; Naida v. Russell Mining Co., 159 Pa.Super. 155, 48 A.2d 16. In the instant case there was no physical objective evidence to support an award of continuing partial disability, other than claimant's own statement, which, it is clear from the Deputy Commissioner's findings and memorandum opinion, was not accepted by him as credible. The situation before the Deputy Commissioner was substantially the same as that not infrequently presented to a jury in personal injury negligence cases where the jury must determine the amount of damages to be awarded, involving necessarily a determination of the extent of plaintiff's injuries. This determination the Deputy Commissioner has made in this case and under the applicable law the Court on judicial review does not have the power to disturb it, if based on substantial evidence on the whole record.

The record as a whole would, I think, have supported the contrary conclusion by the Deputy Commissioner, if he had made it. For instance, see Eastern S. S. Lines, Inc. v. Monahan, Dep. Com'rs D.C., 21 F.Supp. 535; Rothschild & Co., Inc. v. Marshall, Dep. Com'rs, D.C., 56 F.2d 415. These cases also involved back injuries of stevedores where under the evidence the Deputy Commissioner's findings in favor of the claimant were not disturbed by the reviewing courts. But where on the evidence before him, the Deputy Commissioner has made a contrary finding, the same principle applies with respect to the scope of review. If the Deputy Commissioner had made an award in favor of the claimant on this record I should not have disturbed it. On the same principle I do not think I should disturb his finding which is adverse to the plaintiff. A case which presents the type of evidence such as we have here, is at times hard for the trier of facts to decide. It possibly may be said that the decision could have been made either way in this case where there was no objective evidence to support the claim, but only subjective evidence from the plaintiff in support of the claim.

The question presented is a typical jury case on the evidence in this record. The case, if it had been tried here, would have been referred for the decision of the jury. If the jury had decided against the plaintiff I doubt that I would have felt justified in granting a new trial. But even if the evidence as a whole would have justified me in granting a new trial of the case, my authority on the scope of review here does not extend that far.

Claimant in this case raises another point as to what properly constitutes the whole record in this case. The return made by the Deputy Commissioner to the complaint in this Court has heretofore usually consisted only of the stenographic report of the formal hearing and the findings of fact with the award made by the Deputy Commissioner. In the instant case, however, in addition to the usual return, the United States Attorney has filed as Exhibit B the complete record of all papers in the Deputy Commissioner's file with respect to the par-

ticular claim. Included in this, in addition to the ordinary routine papers, are two or three reports made by medical men who gave preliminary or current attention to the claimant's physical condition while disability benefits were being paid over the period from April 17, 1950 to February 4, 1951. There was also included in the file the memorandum made by the Deputy Commissioner in the nature of his opinion on the merits of the case, which has been above set out. Counsel for the plaintiff here contends that no part of this Exhibit B constitutes the record to be examined by the Court. More particularly the contention is that only the transcript of the formal hearing plus the findings of fact and the award are to be considered by the Court in determining this case. This contention was presented by a motion *ne recipiatur* as to Exhibit B. While this question may be important in other cases, I think it is not so here. While I have read all the papers in Exhibit B, I have excluded them from consideration as evidence. However, I may observe that I see no reasonable objection to the opinion of the Deputy Commissioner. It does not rely upon any evidence other than that given at the formal hearing. If it did I think such extrinsic evidence should be excluded from judicial consideration. But as it does not, in this case, it is I think a helpful thing to the Court to have this memorandum opinion of the Deputy Commissioner, as it is a desirable aid to the Court in reviewing the case, especially where the whole of the transcript of the formal hearing has itself been read and is alone considered by the Court as a basis for decision.

As to the other papers in the Deputy Commissioner's file the only ones that seem to be really objectionable to plaintiff's counsel are the interim or periodic reports made by the doctors. With one minor exception they are not substantially different from the expert medical testimony given at the formal hearing. The one exception is a briefly expressed opinion of the particular doctor adverse to the plaintiff as to the reality of the plaintiff's subjective statement of pain in his lower back. I have disregarded this as evidence in the case. While these current routine medical reports were not offered in evidence at the formal hearing, and the doctors were not called as witnesses subject to cross examination, their reports are in the Deputy Commissioner's file and were doubtless received and read by him from time to time. They were also accessible at any time to the claimant or his attorney. Whether the Deputy Commissioner must be wholly oblivious to current matters of this kind that officially come to him, and are open to the inspection of the claimant or his attorney, is a question which need not be decided in the instant case, because I have not considered their contents as evidence. See McCarthy Stevedoring Corp. v. Norton, D.C., 40 F.Supp. 957.

The motion of the Deputy Commissioner to dismiss the complaint must be granted for the reasons stated. Counsel may submit the appropriate order in due course.