Henry SYKES

v.

Stephen O'HEARNE, Deputy Commissioner, United States Department of Labor, Bureau of Employees' Compensation, Fourth Compensation District, and Baltimore Stevedoring Company, Inc., Employer, and Liberty Mutual Insurance Company, Insurer.

Adm. No. 4065.

United States District Court
D. Maryland.

Feb. 25, 1960.

Ellis M. Fell and Herbert H. Silverman, Baltimore, Md., for plaintiff.

Leon H. A. Pierson, U. S. Atty., and H. Russell Smouse, Asst. U. S. Atty., Baltimore, Md., for Deputy Commissioner.

R. Roger Drechsler and David M. Buffington, Baltimore, Md., for Baltimore Stevedoring and Liberty Mutual.

THOMSEN, Chief Judge.

This is a proceeding filed by a longshoreman under 33 U.S.C.A. § 921 to review an order which had rejected his claim for compensation on the ground that he did not sustain an accidental injury arising out of and in the course of his employment on 11 July 1958. At the hearing counsel for claimant moved that the case be remanded so that the Deputy Commissioner may indicate whether he considered the signed statement of James Bates, which was admitted in evidence over claimant's objection, as substantive evidence, or only as impeaching the testimony given by Bates on the stand.

Claimant testified that he had injured his back at a specified time and place and in a particular manner. His testimony was contradicted by that of several other witnesses. The employer and insurer also attempted to show that claimant had hurt his back several days before 11 July 1958, while loading junk onto a truck near Glen Burnie, which had nothing to do with his employment by the employer herein. To that end they called James Bates, who had given a signed statement to that effect to Leroy Rector, an investigator for the insurance carrier, but had repudiated the statement several days later. On the stand Bates denied that the stated accident had ever occurred and denied that he told Rector the facts which appeared in the statement, although Bates admitted having signed the statement in the belief that it would help claimant collect some sort of accident insurance. He persisted in his denial that any such accident had ever occurred or that he and claimant had ever picked up junk together. After Bates had been questioned by counsel for both sides and by the Deputy Commissioner, counsel for employer and insurer offered the signed statement in evidence, counsel for claimant objected, and the Deputy Commissioner, noting that the witness had "identified" it, ruled that he would "let it go in". In his findings of fact the Deputy Commissioner did not refer to the statement nor to the incident mentioned in the statement; he merely found that claimant did not sustain an accidental injury at the time or in the manner alleged in his claim. The Deputy Commissioner filed no memorandum amplifying his findings or giving the reasons therefor. In the brief filed on his behalf in this court, however, his counsel argues that the statement given by Bates to the investigator was "the most damaging testimony to claimant's case".

Under common law rules of evidence the statement was admissible to impeach the statements made by Bates on the stand and to show why he was called, but was not admissible to prove the fact of a previous injury. Wigmore on Evidence, 3d ed., vol. 3, sec. 1018; McCormick on Evidence, 1954 ed., sec. 39; United States v. Allied Stevedoring Corp., 2 Cir., 241 F.2d 925; West v. Belle Isle Cab Co., 203 Md. 244, 100 A.2d 17; McCracken v. Richmond, Fredericks-

burg & Potomac R. R. Co., 4 Cir., 240 F.2d 484.

■ In a trial before a judge without a jury it will not be presumed that the judge made improper use of such evidence. Weinberg v. Northern Pacific Ry. Co., 8 Cir., 150 F.2d 645; United States v. Morris, 2 Cir., 269 F.2d 100. In the instant case, however, the brief filed on behalf of the Deputy Commissioner indicates that he may have considered the statement as tending to prove the fact of the previous accident, which was not proper unless the evidence was admissible for all purposes under 33 U.S.C.A. § 923, which provides: "(a) In making an investigation or inquiry or conducting a hearing the deputy commissioner shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure, except as provided by this chapter; but may make such investigation or inquiry or conduct such hearing in such manner as to best ascertain the rights of the parties. Declarations of a deceased employee concerning the injury in respect of which the investigation or inquiry is being made or the hearing conducted shall be received in evidence and shall, if corroborated by other evidence, be sufficient to establish the injury." See also 5 U.S.C.A. § 1006(c).

Larson, The Law of Workmen's Compensation, vol. 2, secs. 79–80, states: "The evidence problem in Workmen's Compensation is not the admissibility of evidence incompetent by common-law standards, but the ability of such evidence to support an award. The majority rule is the 'residuum' rule, which permits incompetent evidence to be received and considered, but requires that there be at least a residuum of competent evidence upon which the Commissioner's findings may rest. On either side of this rule are two minority lines of opinion, the one permitting an award to stand on the strength of technically incompetent evidence alone, if in the circumstances it is deemed to be of sufficient probative value to guide a reasonable man in the conduct of his affairs,

the other reversing an award whenever it affirmatively appears that the Commission relied upon incompetent evidence and would not have reached the conclusion it did but for the evidence.

\* \* \* \* \* \*

"A suggested solution of the compensation evidence question involves a distinction between rules of evidence that were imposed because juries could not be trusted to weigh the probative value of certain kinds of testimony, such as hearsay, and rules of evidence which are designed to insure an irreducible minimum of fair play, such as the right to have all evidence in the record and to cross-examine witnesses where possible. The latter group of rules should be respected in any fact-finding investigation, but the former, under the well-established principle that the compensation board is best qualified by its expertness to judge the probative value of testimony, could well be deemed inapplicable in judging the ability of evidence to ground an award."

■■ No hard and fast rule should be adopted applicable to all cases. Wide discretion should be allowed to the Deputy Commissioner. Sometimes the award should be affirmed, despite the admission of hearsay evidence. Under the circumstances of this case, however, it would be unjust to allow the statement in question to be considered as substantive evidence of the facts stated, even under the relaxed rules applicable to compensation cases. The case will be remanded to the Deputy Commissioner to state whether he considered the signed statement of James Bates as substantive evidence, tending to prove a previous injury, or only as impeaching the testimony which Bates gave on the stand.

If he did treat the statement as substantive evidence of a previous injury, he should reconsider his decision, treating the statement only for the purpose of impeaching the testimony of Bates.

■■ I do not mean to imply that without evidence of a prior injury the decision should be in favor of the claim-

ant. The burden was on claimant to prove his injury. Furlong v. O'Hearne, D.C.D.Md., 144 F.Supp. 266, 271, affirmed 4 Cir., 240 F.2d 958; Gooding v. Willard, 2 Cir., 209 F.2d 913; Kwasizur v. Cardillo, 3 Cir., 175 F.2d 235, certiorari denied 338 U.S. 880, 70 S.Ct. 150, 94 L.Ed. 540. It is the province of the Deputy Commissioner to determine the credibility of the witnesses; he may believe all or any part of the testimony according to its truthfulness and reliability. Hudnell v. O'Hearne, D.C.D.Md., 99 F.Supp. 954; Ennis v. O'Hearne, 4 Cir., 223 F.2d 755; Kwasizur v. Cardillo, supra.

The case is remanded to the Deputy Commissioner for further action by him in accordance with this opinion.