Henry SYKES

v.

Stephen O'HEARNE, Deputy Commissioner, United States Department of Labor, Bureau of Employees' Compensation, Fourth Compensation District, and Baltimore Stevedoring Company, Inc., Employer, and Liberty Mutual Insurance Company, Insurer.

Admiralty No. 4065.

United States District Court
D. Maryland.

June 23, 1960.

Ellis M. Fell and Herbert H. Silverman, Baltimore, Md., for plaintiff.

Leon H. A. Pierson, U. S. Atty., and H. Russell Smouse, Asst. U. S. Atty., Baltimore, Md., for Deputy Com'r.

R. Roger Drechsler, and David M. Buffington, Baltimore, Md., for Baltimore Stevedoring Co., Inc., and Liberty Mut. Ins. Co., defendants.

THOMSEN, Chief Judge.

This is a proceeding filed by a longshoreman under 33 U.S.C.A. § 921 to review an order which had rejected his claim for compensation on the ground that he did not sustain an accidental injury arising out of and in the course of his employment on 11 July 1958.

At the first hearing, on motion of claimant, the case was remanded to the deputy commissioner so that he could state whether he had considered the signed statement of a witness, James Bates, as substantive evidence tending to prove a previous injury, or only as impeaching the testimony which Bates had given on the stand. Sykes v. O'Hearne, D.Md., 181 F.Supp. 368. The deputy commissioner has filed a supplemental order, dated 29 March 1960, in which he states in effect that he had rejected in toto both the statement and the testimony of Bates. Claimant has now filed a petition for rehearing, in which he takes the position that the testimony in the record "proves conclusively" that the claimant sustained an accidental injury arising out of and in the course of his employment on 11 July 1958, and that there is now no contradictory evidence in the record.

The deputy commissioner is not required to believe even the uncontradicted testimony of the claimant or any other witness if he reasonably concludes from the record as a whole that the witness did not tell the truth. Ennis v. O'Hearne, 4 Cir., 223 F.2d 755; Gooding v. Willard, 2 Cir., 209 F.2d 913; Kwasizur v. Cardillo, 3 Cir., 175 F.2d 235, certiorari denied 338 U.S. 880, 70 S.Ct. 150, 94 L.Ed. 540; Hudnell v. O'Hearne, D.Md., 99 F.Supp. 954; Varney v. O'Hearne, D.Md., 141 F.Supp.

**578**

421. In the instant case, the testimony of the claimant as to how the accident happened was flatly contradicted by the testimony of Garfield Jackson, with whom the claimant was working at the time of the alleged injury. Jackson not only contradicted claimant's story on the stand, he had contradicted it to the gang carrier when claimant first made a complaint. Other witnesses called by claimant failed to substantiate his claim and, on the record taken as a whole, the deputy commissioner was justified in not believing that the claimant sustained an accidental injury arising out of and in the course of his employment.

The decision of the deputy commissioner is hereby affirmed.