SOUTHERN STEVEDORING CO., Inc. et al.
v. VORIS et al.

VORIS et al. v. SOUTHERN STEVEDOR-
ING CO., Inc. et al.

No. 13410.

United States Court of Appeals
Fifth Circuit.

June 27, 1951.

Rehearing Denied July 30, 1951.

276

John R. Brown, Edward D. Vickery, Houston, Tex., for appellant.

Morton Liftin, Morton Hollander, Attorney, Department of Justice, Washington, D. C., Brian S. Odem, U. S. Atty., W. G. Winter, Jr., Asst. U. S. Atty., Arthur J. Mandell, all of Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and SIBLEY and STRUM, Circuit Judges.

STRUM, Circuit Judge.

Claiming that he severely strained his back on June 1, 1948, while lifting a sack of sugar in the performance of his duties as a longshoreman employed by appellant Southern Stevedoring Company on board a vessel, A. W. Lane was awarded past and continuing compensation by a deputy commissioner under sec. 8 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 908. The district court sustained the award, and the employer and its insurance carrier appealed.

Vigorously contested issues before the deputy commissioner were whether or not claimant is suffering from a ruptured intervertebral disc, and if so whether that condition was caused by lifting the sack of sugar, or by lifting iron pipe on another job approximately one year later.

Two doctors were called by appellants, one of whom examined claimant on October 5, 1948, and again on July 22, 1949; the other on June 1, 1948, the day of claimant's injury in lifting sugar, and again on August 23, 1948. One of these doctors testified by oral deposition, the other testified in person before the deputy commissioner. Both were fully cross examined. Each of them testified that claimant did not sustain a ruptured intervertebral disc as a result of the injury of June 1, 1948. In contradiction of this, claimant offered, and the deputy commissioner received in evidence over appellants' objection, an *ex parte* letter report from the Superintendent of Jefferson Davis Hospital, dated August 1, 1949, addressed to claimant's attorneys, purporting to give claimant's case history and concluding: "Possible disc L-Si right. Believe he warrants myelography and perhaps exploration. * * * Dr. Bradford has seen and agrees except that he feels that the L-4 and L-5 space is involved. He advises direct exploration."

Also over appellants' objection, the deputy commissioner received in evidence an *ex parte* letter from Dr. F. Keith Bradford, dated October 17, 1949, addressed to claimant's attorneys, purporting to give claimant's case history and the doctor's findings based upon his examination of claimant. This letter concludes: "The patient had the definite history and physical findings of a ruptured intervertebral disc. It is reasonable to assume that the nerve compression was precipitated by the lifting of iron pipe as described by patient. The clinical localization of the disc rupture is on the right side at the 4th lumbar disc." There was no medical testimony on the subject other than that above referred to.

On November 23, 1949, the deputy commissioner found that claimant "sustained personal injury resulting in a severe strain

of his right lower back caused by bending and lifting a sack of sugar, while in an awkward position; that subsequent medical examinations indicate that a ruptured intervertebral disc has resulted from this injury at about the 4th lumbar vertebra * * *, although other medical evidence indicates that his symptoms may have been prolonged due to prostate or other infection." The finding as to a ruptured intervertebral disc near the fourth lumbar vertebra, upon which the deputy commissioner apparently based his award for continuing compensation, was precisely as stated by the doctor in his *ex parte* letter to claimant's attorneys, the deputy commissioner apparently rejecting the contrary testimony of the other two doctors who testified in person.

The two *ex parte* letter reports above referred to were not under oath. The authors thereof did not take the stand, nor were appellants accorded an opportunity to cross examine them, although both of them resided in Houston, where the hearings were held, and apparently were conveniently available. These circumstances were vigorously urged as objections to the admissibility of the letters, but the objections were overruled. Appellants reassert them here.

 We are aware that sec. 23(a) of the Act, 33 U.S.C.A. 923(a), provides that in conducting a hearing the deputy commissioner "shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure, except as provided by this chapter; but may make such investigation or inquiry or conduct such hearing in such manner as to best ascertain the rights of the parties. * * *" This relaxation of the ordinary rules of procedure and evidence does not invalidate the proceedings, provided the substantial rights of the parties are preserved. Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 127, headnote 14. But this general provision does not, indeed it could not, dispense with a right so fundamental in Anglo-Saxon law as the right of cross examination. Although administrative agencies may be relieved from observance of strict common law rules of evidence, their hearings must still be conducted consistently with fundamental principles which inhere in due process of law. Reilly v. Pinkus, 338 U.S. 269, 70 S.Ct. 110, 94 L.Ed. 63; McCarthy Stevedoring Corp. v. Norton, D.C., 40 F.Supp. 957; L. B. Wilson, Inc., v. Federal Communications Comm., 83 U.S.App.D.C. 176, 170 F.2d 793; Kwasizur v. Cardillo, 3 Cir., 175 F.2d 235. See also Crowell v. Benson, 285 U. S. 22, 52 S.Ct. 285, 76 L.Ed. 598.

 By admitting these *ex parte* statements, upon which the deputy commissioner apparently based his decision, at least in part, the right of cross examination was effectively denied appellants upon a crucial issue. Even under the liberal provisions of the Longshoremen's Act, we can not sanction this practice. As was said in Interstate Commerce Commission v. Louisville & N. R. R. Co., 227 U.S. 88, 33 S.Ct. 185, 187, 57 L.Ed. 431, "But the more liberal the practice in admitting testimony, the more imperative the obligation to preserve the essential rules of evidence by which rights are asserted or defended. * * * All parties * * * must be given opportunity to cross-examine witnesses * * *." Moreover, sec. 7(c) of the Administrative Procedure Act, 5 U.S. C.A. § 1006(c), expressly provides that "Every party shall have the right * * * to conduct such cross-examination as may be required for a full and true disclosure of the facts."

On the facts, this case is quite unlike Reynolds v. U. S. ex rel. Koleff, 7 Cir., 70 F.2d 39, where the right to cross examine witnesses was in effect waived. Here, appellants insisted upon their right to cross examine, and throughout the case preserved their exception to the refusal thereof. Nor is what is here said at all inconsistent with Willapoint Oysters v. Ewing, 9 Cir., 174 F.2d 676, or Montana Power Co. v. Federal Power Comm., D.C.Cir., 185 F.2d 491.

278

With the two *ex parte* letters excluded, as they should have been, the deputy commissioner's finding that "a ruptured intervertebral disc has resulted from his (claimant's) injury at about the fourth vertebra," would be without substantial evidence to support it.[1] Such a finding is not in accordance with law, and it is the court's duty to set it aside. Sec. 10 (e), Administrative Procedure Act, 5 U. S.C.A. § 1009(e); Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456; Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 127, headnote 14; O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470; Delta Stevedoring Co. v. Henderson, 5 Cir., 168 F.2d 872.

Even if it be assumed that the two witnesses last above mentioned would testify on the stand exactly as they have written the facts in their letters, appellants are still entitled to ascertain on cross examination whether there are any additional or explanatory facts, and to test the knowledge and competence of the witnesses and the basis of their professional opinions.

For the reasons stated, the judgment appealed from must be reversed, and the cause remanded, without prejudice to further proceedings before the deputy commissioner, and in the district court, consistent with this opinion. The cause is to be retained in the district court until the deputy commissioner has an opportunity to conduct further hearings in the matter, after which the court should act upon the record as thus supplemented. What has been said also disposes of the cross appeal.

Reversed and Remanded.

1. Other than the medical testimony above referred to, the only evidence as to the nature of claimant's injury was that of claimant himself, of which the following is typical: "Q. Will you describe, Mr. Lane, the symptoms, that is, where did your back hurt after you lifted the sugar? A. It seemed like it hurt in the lower back or something—I don't know how it did but it seemed like it pulled loose or something—it seemed like something pulled loose."