**GENERAL ACCIDENT FIRE & LIFE
ASSURANCE CORPORATION, Limited, et al., Appellants,**

v.

**P. J. DONOVAN, Deputy Commissioner,
District of Columbia Compensation District, Bureau of Employees' Compensation and L. B. Bedney, Appellees.**

No. 14022.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 6, 1958.

Decided Jan. 16, 1958.

Reconsideration Denied March 28, 1958.

See 251 F.2d 961.

Mr. John A. Beck, Washington, D. C., for appellants.

Mr. Ward E. Boote, Asst. Sol., U. S. Dept. of Labor, with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll, Asst. U. S. Atty., and Herbert P. Miller, Atty., U. S. Dept. of Labor, were on the brief, for appellee Donovan.

Mr. Everett L. Edmond, Washingon, D. C., for appellee Bedney.

Before DANAHER, BASTIAN and BUR-GER, Circuit Judges.

PER CURIAM.

Pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., as made applicable to the District of Columbia, D.C.Code § 36–501 (1951), appellants were ordered to pay compensation to the appellee Bedney. Following cross motions for summary judgment, the District Court dismissed the appellants' complaint when the appellants sought to set aside the Deputy Commissioner's order. This appeal followed.

Bedney was stricken on November 10, 1955, while engaged with a co-worker in removing scaffolding. The co-worker on a third floor level was handing down to Bedney, on the ground, planks weighing some 90 pounds each. The Deputy Commissioner concluded that this was strenuous work, one of the findings said to lack substantial support in the record. There was no question, however, that Bedney collapsed while on the job. It was found

that he had suffered a paralysis of his right side due to occlusion of a cerebral vessel and that his "strenuous work" had accelerated a severe pre-existing, but symptom-free, diastolic hypertension. Also diagnosed was a sclerosis of the cerebral arteries. There was much conflicting medical testimony, not unusual in such cases.

The case really turned upon whether or not Bedney's injury arose out of and in the course of his employment. Section 20 of the Act, 33 U.S.C.A. § 920(a), provides:

"In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary—

"(a) That the claim comes within the provisions of this chapter."

■ We have given effect to the statute thus:

"That the injury occurs in the course of the employment strengthens the presumption that it arises out of it. Moreover, 'where there is doubt, it should be resolved in favor of the injured employee or his dependent family.' But it is unnecessary to rely on general presumptions as to the correctness of the findings." [1]

■■ Quite apart from the presumption which obviously places the burden of proof upon the appellants, we are satisfied that the findings of the District Court do not lack substantial support in the evidence on the record considered as a whole. In this respect and on this account, we think the case comes within principles outlined in O'Leary v. Brown-Pacific-Maxon.[2]

Affirmed.

1. Hartford Accident & Indemnity Co. v. Cardillo, 1940, 72 App.D.C. 52, 54, 112 F. 2d 11, 13, certiorari denied, 1940, 310 U.S. 649, 60 S.Ct. 1100, 84 L.Ed. 1415; Robinson v. Bradshaw, 1953, 92 U.S.App.D.C. 216, 206 F.2d 435, certiorari denied, 1953, 346 U.S. 899, 74 S.Ct. 226, 98 L.Ed. 400; accord Friend v. Britton, 1955, 95 U.S.App.D.C. 139, 220 F.2d 820.

2. 1951, 340 U.S. 504, 508–509, 71 S.Ct. 470, 95 L.Ed. 483; see Commercial Casualty Ins. Co. v. Hoage, 1935, 64 App.D.C. 158, 75 F.2d 677, certiorari denied, 1935, 295 U.S. 733, 55 S.Ct. 645, 79 L.Ed. 1682.