Willie J. **TEICHMAN** and **C. D. Calbeck,**
Deputy Commissioner, and United
States of America, Appellants,

v.

**LOFFLAND BROTHERS COMPANY**
et al., Appellees.

No. 18844.

United States Court of Appeals
Fifth Circuit.

Aug. 16, 1961.

Rehearing Denied Sept. 15, 1961.

David L. Rose, Morton Hollander, Attys., Dept. of Justice, Washington, D. C., Herman Wright, Jack Shepherd, Asst. U. S. Atty., Houston, Tex., William H. Orrick, Jr., Asst. Atty. Gen., William B. Butler, U. S. Atty., Houston, Tex., for appellants.

Jerry D. Barker, Galveston, Tex., Barker, Barker & Coltzer, Galveston, Tex., of counsel, for appellees.

Before HUTCHESON, RIVES and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal tests for error the findings and judgment of the district court, holding that an employee was precluded from receiving an award for compensation for an injury brought under the Longshoremen's Act because he had brought an unsuccessful suit against his employer under the Jones Act, 46 U.S.C.A., § 688 as a seaman based upon a different injury.

Appellee-employer and its insurance carrier brought this suit to enjoin, as not in accordance with law, an award to its employee, appellant Teichman, made by the appellant Deputy Commissioner Calbeck under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. District court jurisdiction was based upon 33 U.S.C.A. § 921. The complaint alleged, inter alia, that the award was not supported by substantial evidence, and that the employee was precluded from receiving compensation because of a judgment in a prior civil action. The case was submitted below on the administrative record. The district court *found that the award was*

*supported by substantial evidence,[1] but enjoined its enforcement on the ground that the employee was precluded from receiving compensation under the Longshoremen's Act because of the election he had made in the civil suit and because of estoppel by judgment arising out of the same suit.* The employee and the deputy commissioner appeal.

In addition to filing claim under the Longshoremen's Act, Teichman, on September 27, 1956, gave notice of election to recover damages against a third person pursuant to 33 U.S.C.A. § 933. He then filed a suit against the employer and the Stanolind Oil & Gas Company, later the Pan-American Petroleum Corporation, the owner of the tug and the supply ship, asserting unseaworthiness of the vessel and negligence. The petition in the civil action stated that the suit against the employer was brought under the Jones Act. In the original pleading, Teichman alleged that he was injured when he jumped from the tug to the supply boat (Stanolind 50), and further injured when the metal basket was lowered by the crane onto the tug (Stanolind 20). In an amended petition, however, he alleged injury from the first (the jumping) incident only, and omitted all of the allegations pertaining to the second (the basket lowering) incident. The amended petition alleged that the bumper of the supply ship was unsafe and unsuitable equipment for transferring personnel, and that the supply ship was, therefore, unseaworthy. It further alleged negligence in failing to provide a safe place to work. For its first defense employer asserted that the Longshoremen's Act provided the exclusive remedy for Teichman, since he was a driller, and not a seaman. Numerous other defenses were also asserted.

This civil action against the employer and shipowner was tried to a jury in the District Court for the Southern District of Texas. Teichman testified that his duties were primarily those of a driller on the "monkey board" of the derrick, but that in case of storm or emergency he would help take down the ramp and disconnect mud and water lines, all of which ran from the supply ship to the drilling platform. He testified that he lived on the supply ship and was furnished his meals there. He stated that he had never "signed on" as a member of the crew, that he never held any seaman's papers, and that he belonged to the ironworkers' union, and not to any seaman's union. When asked: " * * * are you a seaman?", he replied,

1. The material facts were thus found by the Deputy Commissioner:

"The employer, Lofland Brothers Company, is engaged in exploration of the subsoil and seabed of the Outer Continental Shelf in the Gulf of Mexico for natural resources, including oil. Appellant Teichman was employed at an average wage of $102.04 a week by Lofland Brothers as a 'floorman' oil driller. On January 1, 1956, Teichman was assigned to work on employer's rig No. 79, approximately 18 miles east of the coast of Galveston County, Texas. He boarded a personnel-carrying tug boat (the Stanolind 20) which took him and other workmen from shore to the drilling rig. When he jumped from the tug to the supply ship (the Stanolind 50) which was moored to the drilling rig, he felt severe pain in his back. Several hours later, after he complained of the pain, his supervisor and the captain of the supply ship determined that he should be returned to shore. Accordingly, Teichman was placed in a heavy metal basket which was attached to a line on a crane. The basket was lifted by the crane and moved over the deck of the tug and lowered. The basket struck the deck of the tug with considerable force. As a result of this impact, Teichman sustained a ruptured intervertebral disc. A spinal fusion operation was performed in June, 1957. On April 3, 1958, a further exploratory operation was made. Teichman later developed an 'anxiety reaction' in addition to his physical impairments. In addition, as a result of his injury, Teichman was totally disabled from Jan. 1, 1956, at least to July 20, 1959 (the date of the decision of the Deputy Commissioner) and continuing.

"No written notice was given, but the employer had knowledge of the injury, and for a period of 19 weeks made weekly payments of $35 under the Longshoremen's Act, and provided medical care."

"No, sir, I am not". Teichman testified about his jumping from the tug to the supply ship, but when he started to describe the second (the basket lowering) incident, defense counsel objected, and no testimony about that incident was received. Special interrogatories were propounded to the jury, pursuant to Rule 49(a) F.R.Civ.P., 28 U.S.C.A.

The court instructed the jury that if they answered the first question in the negative, they need not answer the others, and, in response to the first question, "Did the plaintiff, Willie J. Teichman, receive an injury on January 1, 1956, as he was boarding the vessel Stanolind 50?", the jury's verdict was: "The plaintiff did not receive such injury". In accordance with the court's instructions, the jury answered no further questions, and, since the jury had determined that plaintiff did not receive the injury on which the amended pleading was based, judgment was entered for the defendants on June 21, 1958.

Following the employer's controversion (in September, 1958) of Teichman's claim for benefits under the Longshoremen's Act, the Deputy Commissioner held a hearing. The employer and insurance carrier conceded the employer-employee relationship, and admitted that the incidents occurred while Teichman was within the scope of his employment, but denied that he received any injury or was disabled as he claimed. Their "principal contention", however, was that Teichman was precluded by the election of the first suit and by estoppel by verdict and judgment therein from claiming and obtaining a compensation award. To support this contention, they offered the judgment, pleadings, and motions in the civil suit, and the testimony of Teichman, but little or none of the rest of the testimony given in that suit. On the merits of the compensation claim, the parties offered lay and medical testimony pertaining to the second (the basket lowering) incident.

On the question of estoppel by judgment, the deputy commissioner found that the jury had decided only one thing, namely that Teichman was not injured as a result of the first (the jumping) incident. So deciding, he accepted the jury's decision on that question, but concluded that Teichman was injured as a result of the second (the basket lowering) incident, and he based his award on that injury. In the action to review the award brought by the employer and its insurance carrier, the district court *ruled that the deputy commissioner's findings were supported by substantial evidence, but held that Teichman was barred from recovering compensation under the Longshoremen's Act as a result of the second injury, because he had based his civil action for the first injury on the premise that he was a seaman,* and he could not take before the deputy commissioner the inconsistent position that he was not a seaman and, therefore, within the Longshoremen's Act. Accordingly, the court entered judgment in favor of the employer and insurance carrier, enjoining enforcement of the award.

Appealing, Teichman, the deputy commissioner, and the United States are here insisting that, in rendering the judgment, the district judge entirely misconceived and misapplied the principles on which his judgment was based and attacking as wholly unsound the district judge's finding and conclusion that Teichman's suit against his employer in the prior civil action under the Jones Act constituted an election or estoppel, which precluded Teichman from receiving compensation under the Longshoremen's Act, and rendered illegal and invalidated the deputy commissioner's finding and award in Teichman's favor under the Longshoremen's Act.

Arguing on the issue of election that there was no inconsistency in the fact that Teichman had brought his Jones Act suit on the theory that he was a seaman and that his right to recover under the Longshoremen's Act was based upon his being a maritime worker and not a member of a crew of a vessel, appellants cite many cases in support. On the issue of estoppel by judgment, the appel-

lants, pointing out that the recovery sought and denied in the damage suit was for a different injury from that claimed and found in the Workmen's Compensation suit and that the jury's finding, that the injury sued for in the damage suit was not sustained, could not, under the commissioner's finding, that another and wholly different injury which was not adjudicated in the prior suit had caused the injuries for which compensation was claimed, constitute an estoppel by judgment.

Citing many cases in support of their position, appellants argue with conviction: that the case chiefly relied on by the district judge, Scarano v. Central R. R. Co., 3 Cir., 203 F.2d 510, was decided on very different facts and is not at all in point; and that nothing in it supports the contention here made.

■ After full consideration and without undertaking a discussion and analysis of the many cases cited on both sides, we think it sufficient to say that we agree with appellants that the decision of the district judge was wrongly based and may not stand. We particularly agree with appellants that the claim for compensation under the Longshoremen's Act is not barred by the prior suit. Cf. Massachusetts Bonding & Ins. Co. v. Lawson, 5 Cir., 149 F.2d 853; Newport News Shipbuilding & Dry Dock Co. v. O'Hearne, 4 Cir., 192 F.2d 968, and Western Boat Building Co. v. O'Leary, 9 Cir., 198 F.2d 409. It has been consistently held both in the Supreme Court and in the circuit courts that an unsuccessful action in a Jones Act case is not inconsistent with and does not prevent a subsequent act for compensation. Davis v. Department of Labor etc., 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246; Norton v. Warner Co., 321 U.S. 565, 64 S.Ct. 747, 88 L.Ed. 931. Indeed by statute, 33 U.S.C.A. § 913(b), the congress has provided that if an employee elects to recover damage against a third person and

the amount of that recovery is less than that to which he was entitled under the Longshoremen's Act, the employer is obliged to pay the difference. Cf. South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Pacific Emp. Ins. Co. v. Pillsbury, 9 Cir., 130 F.2d 21; Kibadeaux v. Standard Dredging Co., 5 Cir., 81 F.2d 670.

On the claim of the appellees that the verdict of the jury, finding that plaintiff did not receive an injury, constituted an estoppel against his claim in the compensation suit that he did, appellants point out that the record in the civil suit shows that, while two injuries were claimed in the original petition, only one was claimed in the amended petition and submitted to the jury, and that the jury found against that specific injury and that alone. It will not, therefore, do for the appellees, in the face of the specific question submitted to the jury and its as specific answer to that question, and that alone, to argue, as they do here, that the real question submitted to, and determined by, the jury against plaintiff was whether plaintiff's injuries had been suffered by him prior to the incidents referred to in the suit, and he was, therefore, estopped from claiming the injury as claimed by him in the compensation suit.

In conclusion, while we are of the opinion that, speaking generally, the applicable statutes and decisions make it clear that a claim of inconsistency between an unsuccessful suit under the Jones Act and a later action for compensation cannot be asserted in the compensation suit as an election preventing a compensation award, the record in this case makes it completely clear: that certainly here no such inconsistency in fact or in law exists; that no election occurred; there was no estoppel; and that the judgment appealed from may not stand. The judgment is, therefore, reversed and the cause remanded with directions to deny the injunction.