Henry AUSTIN

v.

Stephen O'HEARNE, Deputy Commissioner, United States Department of Labor and United States Lines Company and Travellers' Insurance Company.

Civ. No. 13304.

United States District Court
D. Maryland.
May 14, 1963.

**54**

Sheldon H. Braiterman, Baltimore, Md., for claimant.

Joseph D. Tydings, U. S. Atty., and Daniel F. McMullen, Jr., Asst. U. S. Atty., Baltimore, Md., for Deputy Commissioner, Valentine A. Kogler, Jr., Baltimore, Md., for employer and insurer.

THOMSEN, Chief Judge.

Claimant seeks review of an order of the Deputy Commissioner awarding him compensation for some three months temporary total disability and for facial disfigurement as the result of a slight injury which he received on 2 December 1960—a laceration of his forehead, an abrasion of his left hand and a contusion of his right elbow—but denying his claim for further disability.

In May 1958 claimant had received a more serious injury to his head, left leg, left shoulder and left arm, as a result of which he was off work for nearly two years, received certain compensation and medical treatment, elected to sue a third party, from whom he collected $5,799.05 in settlement, and in June 1960 filed a "deficiency" claim for additional compensation, based in large part on complaints of head pain and dizziness. Claimant is represented by different attorneys in the two cases, which are against different employers and insurance carriers.

In the case at bar, arising out of the accident of December 1960, claimant was paid compensation for temporary total disability to 21 March 1961, then filed a claim for further temporary total disability, also based largely on complaints of head pain and dizziness. Neurosurgeons employed by the respective parties agreed that there was no neurological or other physical basis for the complaints, but disagreed as to whether there might be a psychiatric basis. Claimant called as a witness Dr. Philip Lerner, a psychiatrist, who had seen him only once, and who testified that claimant is disabled by the "residua of a post traumatic cerebral syndrome, but that most of his symptoms are the result of a marked psychic overlay manifesting itself in a fairly severe mixed neurosis of anxiety, obsessive and hysterical types"; that claimant has pains in the head and dizziness, with feelings of insecurity and

inadequacy therefrom, requiring psycho-therapy; and that claimant has fairly well-maintained intellectual resources and memory, but bad judgment.

The bad judgment—or worse—was demonstrated when claimant denied that he had made complaints of headaches and dizziness to Dr. Edward F. Cotter and Dr. Thomas Lynch, before the accident of December 1960. A medical report by Dr. Cotter, dated 11 September 1958 had been filed by the insurance carrier in the case arising out of the May 1958 accident, and a report by Dr. Lynch, Medical Officer of the Supreme Bench of Baltimore City, dated 3 June 1959, had been filed therein on 22 June 1960, and in both reports there are complaints by claimant of head pain and dizziness. And bad judgment—at least—was demonstrated by Dr. Lerner, who apparently believed everything claimant told him, had not learned of the May 1958 accident and the pending claims arising therefrom, and assumed claimant was happily married, although in fact his wife had had him prosecuted for non-support. Nevertheless, after being told of the previous accident and of the continuing complaints of head pain and dizziness therefrom, the doctor still attributed the claimed disability to the accident in December 1960.

The Deputy Commissioner allowed compensation for some three months temporary total disability from 4 December 1960 until 21 March 1961 and $250 for a facial scar, but denied compensation for further temporary total disability, holding: "that the claimant's psychic and neurotic conditions are not causally related to the effects of the injuries which he sustained on 2 December 1960".

Counsel for claimant raised three points in this Court, two of them based upon the fact that the Deputy Commissioner had questioned claimant at the hearing about the complaints he had made to Dr. Cotter and Dr. Lynch before the accident of 2 December 1960, similar to his present complaints.

■ First, claimant's counsel complains because the Deputy Commissioner did not tell him about those complaints at the pre-hearing conference. The point is without merit. The Deputy Commissioner might assume that claimant would tell the true facts to his attorney.

■ Second, claimant's counsel contends that it was error for the Deputy Commissioner to base his decision substantially upon written medical reports filed in another case, where the authors of such reports were not present in these proceedings and, therefore, not subject to cross-examination. The Deputy Commissioner used the reports not for the diagnosis or other opinions contained therein but as evidence that claimant was making the same complaints to Dr. Cotter and Dr. Lynch before the accident of 2 December 1960 that he is now making. Nevertheless, since claimant (1) did not admit making those complaints to Dr. Cotter and Dr. Lynch and (2) objected to the admissibility of the reports, the Deputy Commissioner was not justified in using the reports to support a finding that the complaints had in fact been made unless (a) counsel in the present case was afforded an opportunity to cross-examine the doctors if he wished to do so or (b) the reports had been filed by claimant or claimant's counsel in the other case and so were vouched for by claimant. Southern Stevedoring Company v. Voris, 5 Cir., 190 F.2d 275. It does not appear that either report was filed by claimant or his counsel; Dr. Cotter's report certainly was not. Therefore, at the oral argument, this Court inquired of counsel for claimant whether he wished the case remanded to the Deputy Commissioner for the narrow purpose of allowing him to cross-examine Dr. Cotter and Dr. Lynch on the question whether the history and complaints contained in their reports were in fact given to them by claimant. Counsel for claimant stated that he saw no advantage in having the case remanded for that purpose, since he was satisfied that the doctors would testify that those statements had been made to them by claimant.

■ Claimant's third point is that the Deputy Commissioner's order is not supported by substantial evidence. The case turned on claimant's credibility and, as the Deputy Commissioner stated in the memorandum which he sent to counsel along with his order, "The claimant's testimony is entirely unreliable. I do not question that the claimant is nervous and anxious. These conditions are not the cause of the unreliability of his testimony. He tailors his testimony to fit his objective, which is to hang his responsibilities onto this accident." Moreover, as the Deputy Commissioner noted, "The probative value of Dr. Lerner's testimony is impaired by his lack of inquiry." The Deputy Commissioner was justified in his conclusion that claimant's psychic and neurotic conditions are not causally related to the effects of the injuries which he sustained on 2 December 1960.

■ The decision of the Deputy Commissioner is, therefore, affirmed. Since the case would have been remanded if counsel for claimant had not agreed to waive cross examination of the two doctors, the costs advanced by claimant's counsel should be refunded to him by the insurer. No other costs should be taxed.