YOUNG & COMPANY and Texas Employers Insurance Association, Appellants,

v.

R. J. SHEA, Deputy Commissioner of Labor, et al., Appellees.

No. 24249.

United States Court of Appeals Fifth Circuit.

July 10, 1968.

As Modified on Denial of Rehearing Aug. 19, 1968.

Second Rehearing Denied Dec. 12, 1968.

E. D. Vickery, Gus A. Schill, Jr., of Royston, Rayzor & Cook, Houston, Tex., for appellants.

W. Jiles Roberts, Houston, Tex., Alfred H. Myers, Atty., Dept. of Justice, Washington, D. C., James R. Gough, Asst. U. S. Atty., Houston, Tex., for appellees.

Before JONES, WISDOM and THORNBERRY, Circuit Judges.

THORNBERRY, Circuit Judge:

This appeal involves the applicability of collateral estoppel to administrative proceedings and presents important first-impression questions that materially affect the administration of the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C. § 901 et seq.).

In 1962 Paul Tugwell instituted a court action against A. F. Klaveness & Company, the shipowner, for injuries occurring on the ship. The shipowner impleaded Young & Company, Tugwell's employer, as a third-party defendant. After the jury concluded that Tugwell did not sustain an injury when he fell, a judgment was entered for the shipowner. Subsequently, Tugwell instituted proceedings under the Longshoremen's Act for compensation. His employer made a motion to dismiss the claim because of the previous adjudication in the third-party action that no injury was sustained on the date claimed. The Commissioner refused to apply the doctrine of collateral estoppel and held that Tugwell had sustained an injury upon the navigable waters of the United States. The court below affirmed. Appellants contend that the Commissioner erred in not applying collateral estoppel to the worker's compensation claim under the Longshoremen's Act. Their position is that a longshoreman should not be allowed to relitigate an issue that was judicially determined against him in an earlier adversary proceeding. We reject this position and affirm the district court.

Although we resolve the issue of the applicability of collateral to administrative proceedings on narrower grounds than those discussed by the parties, the broad question raised by this appeal is when, if ever, an administrative body is bound by prior determinations of a court. Several decisions by this Court are deemed decisive by the parties. Appellees read Teichman v. Loffland Brothers Company, 5th Cir. 1961, 294 F.2d 175 as negating the applicability of collateral estoppel in Longshoremen's proceedings. There we held that an unsuccessful Jones Act suit was not inconsistent with a subsequent action for compensation. In the Jones Act suit the claimant admitted he was not a seaman and the jury found no injury. The Fifth Circuit decision is not controlling because the second suit under the Longshoremen's Act was for a different injury. Id. at 177. Appellees urge, however, that our recent decision in Boatel, Inc. v. Delamore, 5th Cir. 1967, 379 F.2d 850, interpreted Teichman more broadly. In Boatel an amphibious worker was injured on a drilling craft in the Gulf of Mexico. He accepted voluntary compensation payments under the Longshoremen's Act and when these payments stopped sued for continuing benefits. When this request was denied, he asserted, for the first time, that the Commis-

sioner had no jurisdiction over the case since he was a "member of the crew." The district court remanded to the Commissioner to determine his status and the Commissioner concluded that he was not a member of the crew. Claimant again petitioned the district court for review of the Deputy Commissioner's findings. The court set aside the order and remanded with instructions to render an order that claimant was not entitled to benefit of the Longshoremen's Act as he was clearly a member of the crew. On appeal we affirmed that holding. Another question presented was whether claimant was estopped from asserting a seaman's Jones Act claim for damages since he had accepted benefits under the Longshoremen's Act. Following *Teichman*, we held that he was not estopped. Although *Boatel* has an initial attraction, it is not dispositive. The discussion of the meaning of "a member of the crew" for the purpose of exclusion from the Longshoremen's Act indicates that we were concerned with implementing the policy that the Deputy Commissioner not act beyond the scope of the Longshoremen's Act. Thus, *Boatel* is only another example of the mutual exclusiveness of the acts. Cf. Bodden v. Coordinated Caribbean Transport, Inc., 5th Cir. 1966, 369 F.2d 273, 274. Indeed, collateral estoppel as involved in the instant case would have been a premature consideration in *Boatel*. Cf. Arrow Drilling Co. v. Brooks, 5th Cir. 1962, 303 F.2d 590. It would only be in the subsequent Jones Act suit that the prior findings could be asserted as a bar.

Finally, appellants offer Shea v. Texas Employers' Insurance Association, 5th Cir. 1967, 383 F.2d 16, to prove that collateral estoppel is applicable to proceedings before the Deputy Commissioner. There we applied collateral estoppel to give effect to a prior state court adjudication that a worker was covered by the Texas Compensation Act. That decision merely follows the mandate that compensation is payable under the Longshoremen's Act only if recovery for disability is "not validly * * * provided by State law." 33 U.S.C. § 903. Once the Court knew that recovery under state law was not precluded, it was axiomatic that the injury was not also compensable under the federal law.

Having found prior decisions to be distinguishable, we move to the next level of arguments offered to support the Commissioner's action. It is asserted that the trial and administrative procedures are markedly different and that the duality of remedies envisioned by Congress when injury is occasioned by the conduct of a third party would be aborted by application of collateral estoppel in the instant case. First, it is urged that the interrogatory answered by the jury is not dispositive of the compensation claim. The jury found that Tugwell had not "sustained an injury by slipping and falling upon the deck of the M/S Pleasantville during the early morning hours of July 12, 1958." The Deputy Commissioner found that Tugwell had sustained "an injury resulting in disability while working upon a vessel upon the navigable waters of the United States." One of appellees' arguments seems to be that there can be no estoppel because the compensation remedy is a form of insurance arising out of the employee-employer relationship while the third-party action is a traditional negligence suit. Since it is well settled that collateral estoppel is applicable though the causes of action be different, this contention is too broad. It is only necessary to show that the same fact question was clearly decided in the prior suit between the same parties and that the issue was material to the determination of the prior suit. Tomlinson v. Lefkowitz, 5th Cir. 1964, 334 F.2d 262, 264; United States v. Burch, 5th Cir. 1961, 294 F.2d 1; Hyman v. Regenstein, 5th Cir. 1958, 258 F.2d 502, 510. A second suggested difference is that the traditional negligence issues are not present in the compensation proceedings. Although this distinction is valid, it misconstrues the jury finding in the prior negligence suit. What the jury concluded was that there was no injury, or, as we said when the

case was appealed, "that the accident did not occur." Tugwell v. A. F. Klaveness & Co., 5th Cir. 1963, 320 F.2d 866, 868. The question of whether there was an injury, unlike the other negligence issues, is common to both suits. Under 33 U.S.C. § 903(a) the claimant has the burden of proving all that is not presumed under section 920. See Eschbach v. Contractors, Pacific Naval Air Bases, 7th Cir. 1950, 181 F.2d 860. Section 920 does not presume an injury so the claimant must prove its existence. Sykes v. O'Hearne, D.Maryland, 1960, 181 F.Supp. 368, 371.

■■ Though the issue decided by the Commissioner was the same as the one determined by the jury, there are other differences between the two proceedings precluding collateral estoppel.[1] The proceedings before the Commissioner are more "free-wheeling," not only in the quantum of proof necessary to establish a claim, but also in the nature of evidence and procedural rules that are followed. It is well settled that the Commissioner is not bound by the common-law rules of evidence or technical rules of procedure.[2] This laxity is seen in the rule that the admissibility of evidence depends only on whether it is such evidence as a reasonable mind might accept as probative. Rocker v. Celebrezze, 2d Cir. 1966, 358 F.2d 119. Thus hearsay evidence is generally admissible if considered reliable. Id. at 119. The paramount difference, however, is that in considering the proof offered by the parties the Commissioner operates under the statutory policy that all doubtful fact questions are to be resolved in favor of the injured employee or his dependent family. See J. V. Vozzolo, Inc. v. Britton, 1967, 126 U.S.App.D.C. 259, 377 F.2d 144, 147; Howell v. Einbinder, 1965, 121 U.S.App.D.C. 312, 350 F.2d 442; Hancock v. Einbinder, 1962, 114 U.S.App.D.C. 67, 310 F.2d 872; General Accident Fire & Life Assurance Corp. v. Donovan, 1958, 102 U.S.App.D.C. 204, 251 F.2d 915; Friend v. Britton, 1955, 95 U.S.App.D.C. 139, 220 F.2d 820; Southern Pacific Co. v. Sheppeard, 5th Cir. 1940, 112 F.2d 147; Hartford Accident & Indemnity Co. v. Cardillo, 1940, 72 App.D.C. 52, 112 F.2d 11. This policy effectuates the intent of the statute to place "the burden of possible error" on those best able to bear it. See F. H. McGraw & Co. v. Lowe, 2d Cir. 1944, 145 F.2d 886, 888. Since a jury would not be directed to find for the injured party, as a matter of policy, when the evidence created doubt about the injury, we are convinced that there is a substantial variance in the standard of proof required to establish facts before the Commissioner and the jury. The standard before the jury is the preponderance-of-credible-evidence test. Although we cannot ascribe a legal label to the burden before the Commissioner, the statutory policy, as interpreted by the courts, indicates that it is a less stringent standard of persuasion.

A substantial variance in the burden of proof has precluded the application of collateral estoppel in other situations.

1. It should be noted, however, that our investigation has uncovered decisions holding that administrative bodies are bound by prior court determinations of the same fact issues. See Lentin v. Commissioner of Internal Revenue, 7th Cir. 1955, 226 F.2d 695; Westgate-Sun Harbor Co. v. Watson, 1953, 92 U.S.App. D.C. 341, 206 F.2d 458; George H. Lee Co. v. FTC, 8th Cir. 1940, 113 F.2d 583; A. D. Juilliard & Co. v. Johnson, S.D. N.Y.1957, 166 F.Supp. 577; City of Jackson v. Holliday, 246 Miss. 412, 149 So.2d 525 (1963). Because the basis for our decision was not considered in those decisions and because the policies of the Longshoremen's Act were not applicable to those bodies, we find these cases not controlling.

2. See Southern Stevedoring Co. v. Voris, 5th Cir. 1951, 190 F.2d 275, 277; California Ship Service Co. v. Pillsbury, 9th Cir. 1949, 175 F.2d 873; Green v. Crowell, 5th Cir. 1934, 69 F.2d 762; Pan-American World Airways, Inc. v. O'Hearne, E.D.Va.1963, 221 F.Supp. 515.

The best example is the effect of estoppel as between criminal and civil proceedings. Indeed, appellants cite one of these cases, Amos v. Commissioner of Internal Revenue, 4th Cir. 1965, 360 F.2d 358, to show that an administrative body is bound by collateral estoppel. There in a prior criminal suit the taxpayer had been found guilty of tax evasion. The court in *Amos* held that the taxpayer was collaterally estopped to deny that he was guilty of fraud in a subsequent civil suit over a fraud penalty. See also Moore v. United States, 4th Cir. 1966, 360 F.2d 353. The decision refutes rather than supports appellants' contentions. The court emphasized that collateral estoppel was applied because the burden of proof in the criminal case was more stringent than in the subsequent civil action. The instant case involves exactly the reverse situation since the burden of proof in the administrative proceeding is less than in the prior civil action. This reverse situation invokes the other rule developed in the criminal-civil cases that the Government is not estopped to raise in a civil proceeding an issue it lost in a criminal case because the burden of proof in the criminal case is greater than in the civil action. Helvering v. Mitchell, 1938, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917; Tomlinson v. Lefkowitz, supra, 334 F.2d at 265. By the same reasoning, the fact that a worker could not convince a jury that he had suffered an injury should not estop him from attempting to convince a Commissioner that he was injured inasmuch as the standard of persuasion is less before the Commissioner than before the court.

Therefore, since we are persuaded that the applicable legal rules enable a claimant to establish the existence of an actionable injury before the Commissioner more easily than in a civil tort action, we agree with the district court that on the facts of this case the doctrine of collateral estoppel is inapplicable.

Affirmed.