**S. J. JACKSON, Plaintiff,**

**v.**

**Raymond E. NEUMAN, Deputy Commissioner, United States Employees' Commission, Seventh Compensation District, Defendant.**

Civ. A. No. 68–2358.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Jan. 26, 1970.

Edmond R. Eberle, New Orleans, La., for plaintiff.

Charles H. White, Asst. U. S. Atty., for defendant.

RUBIN, District Judge:

This is an appeal by S. J. Jackson from an order of the Deputy Commissioner[1] rejecting Jackson's claim for benefits under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950.

The Commissioner found that Jackson was not medically disabled as a result of an accident that he suffered on December 10, 1966. On that date, Jackson was working as a longshoreman in the hold of the S/S TENADORES, stowing rolls of paper, each of which was 8 feet long and 4 feet in diameter and weighed about 2000 pounds. He and several other longshoremen were attempting to move one of the rolls into position when it rolled back and jammed him against another roll of paper. The right side of his body (in the area of the hip and groin) was caught between the two rolls and he suffered an injury diagnosed as

---

1. The appeal is pursuant to Section 21(b) of the Act, 33 U.S.C. § 921(b).

"contusion of the right pubic notch." Jackson's employer furnished him with medical treatment, but Jackson continued to work for five months.

A few weeks after the accident, Jackson began to complain of back pains. In this respect the Commissioner found that Jackson's complaints of back pain began in April. In making this finding, the Commissioner considered Jackson's testimony that he made earlier complaints about his back, but the Commissioner considered this testimony to be self-serving and not corroborated by any medical testimony. On April 19, 1967 Jackson consulted a physician of his choice but he did not complain about his back to the employer's representative. Within a period of one year before the accident on December 10, 1966, Jackson had sustained two injuries as a result of which he had complaints about his back and right groin area.

The Deputy Commissioner considered that the mechanics of the accident, Jackson's continued employment in his regular occupation until April, 1967, and the absence of back complaints until April, 1967, were not consistent with a finding that a back injury occurred in the accident of December 10, 1966, either as a direct result of the accident, or indirectly due to a pre-existing condition having been materially aggravated by the accident. In addition, the Commissioner found that the evidence did not establish that Jackson had any back disability, whether or not related to the December 10, 1966 accident.

The only issue presented is whether the record, considered as a whole, supports these findings.

## SCOPE OF REVIEW

The Longshoremen's Act is to be construed liberally for the benefit of the employees and their dependents. Doubts, including those with respect to the facts, are to be resolved in their favor. Young & Company v. Shea, 5 Cir. 1968, 397 F.2d 185, 188; Wheatley v. Adler, 1968, 132 U.S.App.D.C. 177, 407 F.2d 307, 314; J. V. Vozzolo, Inc. v. Britton, 1967, 126 U.S.App.D.C. 259, 377 F.2d 144, 147 and cases cited therein at note 7.

But the standard for judicial review in cases arising under the Longshoremen's Act has been carefully delineated by the Supreme Court. The limited scope of this review has been said to be "sufficiently described by saying that the findings [of the Commissioner] are to be accepted unless they are unsupported by substantial evidence on the record considered as a whole." O'Leary v. Brown-Pacific-Maxon, Inc., 1951, 340 U.S. 504, 508, 71 S.Ct. 470, 472, 95 L.Ed. 483. It is not necessary that the evidence compelled the inferences accepted by the Commissioner. Id. "If supported by evidence and not inconsistent with the law, the Deputy Commissioner's inference * * * is conclusive. No reviewing court can then set aside that inference because the opposite one is thought to be more reasonable; nor can the opposite inference be substituted by the court because of a belief that the one chosen by the Deputy Commissioner is factually questionable." Cardillo v. Liberty Mutual Ins. Co., 1947, 330 U.S. 469, 477–478, 67 S.Ct. 801, 806, 91 L.Ed. 1028.[2] And "[i]t is likewise immaterial that the facts permit the drawing of diverse inferences. The Deputy Commissioner alone is charged with the duty of initially selecting the inference which seems most reasonable and his choice, if otherwise sustainable, may not be disturbed by a reviewing court." 330 U.S. at 478, 67 S.Ct. at 807. See also, Del Vecchio v. Bowers, 1935, 296 U.S. 280,

2. "The *Cardillo* opinion pointed out that, in administering the Act, the deputy commissioner must necessarily draw inferences. The scope of judicial review of his inferences is 'sharply limited.'

"Although *Cardillo* dealt with determination of whether a particular injury arose out of and in the course of employment, it states clearly the principles to be followed in connection with judicial review of administrative decisions under the Act." Watson v. Gulf Stevedore Corporation, 5 Cir. 1968, 400 F.2d 649, 652.

287, 56 S.Ct. 190, 193, 80 L.Ed. 229; Voehl v. Indemnity Ins. Co., 1933, 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676. If the inferences and conclusions drawn by the Commissioner are supported by substantial evidence and are not irrational, they are to be sustained on judicial review. O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc., 1965, 380 U.S. 359, 362, 85 S.Ct. 1012, 1014, 13 L.Ed.2d 895, 898.

These principles have been consistently recognized and applied by the Fifth Circuit Court of Appeals. Young & Company v. Shea, 5 Cir. 1968, 404 F.2d 1059; Watson v. Gulf Stevedore Corporation, 5 Cir. 1968, 400 F.2d 649, 652–653.

### REVIEW OF THIS RECORD

There is a conflict in the medical testimony. It is unnecessary to set forth the conflict in detail. An initial myelogram was performed by Dr. Unkauf that indicated no abnormalities of the spine. Later the doctor decided that a repeat myelogram should be carried out in view of Jackson's continued complaints. He thought that the second myelogram indicated a ruptured or protruding disc.

Another well-qualified orthopedic surgeon testified that he found no evidence of any orthopedic defect and two well-qualified neurosurgeons testified that they did not think Jackson had a ruptured intervertebral disc in his lower back. There were 13 medical witnesses, five of whom were called by the plaintiff and eight by the employer. The testimony of the five doctors called by the plaintiff supported his claim; the testimony of the other eight doctors tended to support the Commissioner's findings. The able efforts of plaintiff's counsel and his thorough analysis of the medical testimony merely indicate that there was evidence from which the Commissioner might have made different findings, depending on his appraisal of the credibility of the witnesses.

The Commissioner was required to judge the credibility of the witnesses and was not, of course, required to accept the testimony of the claimant or claimant's witnesses. Gooding v. Willard, 2 Cir. 1954, 209 F.2d 913; Kwasizur v. Cardillo, 3 Cir. 1949, 175 F.2d 235, cert. denied, 338 U.S. 880, 70 S.Ct. 150, 94 L.Ed. 540; Great American Indemnity Co. v. Britton, D.C.D.C. 1960, 186 F.Supp. 938. His evaluation of the credibility of medical witnesses is entitled to the same acceptance on judicial review as are his other findings. Banks v. Chicago Grain Trimmers Association, Inc., 1968, 390 U.S. 459, 88 S.Ct. 1140, 20 L.Ed.2d 30, rehearing denied, 391 U.S. 929, 88 S.Ct. 1800, 20 L.Ed.2d 671; Todd Shipyards Corp. v. Donovan, 5 Cir. 1962, 300 F.2d 741. With respect to any conflict in the medical testimony offered by the parties, the Commissioner is not bound to accept the opinion or theory of any particular medical examiner. He may rely upon his own observation and judgment in conjunction with the evidence. Todd Shipyards Corp., supra; Hampton Roads Stevedoring Corp. v. O'Hearne, 4 Cir. 1958, 184 F.2d 76; Crescent Wharf & Warehouse Co. v. Cyr, 9 Cir. 1952, 200 F.2d 633.

It would serve no useful purpose to dissect each of the eleven specific findings of fact made by the Deputy Commissioner. The record here contains ample evidence to sustain the Deputy Commissioner's findings and his rejection of Jackson's claim. The record clearly reveals that the claimant lost no time from work as a result of the December 10, 1966 accident. Jackson admits that he worked from the date of the accident until April 16, 1967, and that, when he reported the accident, he made no complaint of back injury to the employer's representative, Mr. Porcello. A careful review of the medical evidence fails to reveal any complaint or treatment for back difficulty prior to April, 1967. Jackson conceded that he was not sure whether he mentioned back pain to the doctors who treated him initially. The testimony of Doctors McDonough, Celli and Espenan corroborate the absence of complaints about his back at

the time of their examinations and treatment of the claimant. The claimant's continued employment in his regular occupation for more than four months following the accident indicates that he was not disabled. Likewise, his failure to complain about back pain tends to negate such an injury. The orthopedic findings of Dr. Unkauf, who testified on Jackson's behalf, of absence of back pain when coughing and sneezing, absence of paravertebral muscular spasm, a reasonable range of motion, and clonic right ankle jerk, all militate against a finding of disc injury or disease. The myelogram is merely a diagnostic aid, not a conclusive way to diagnose a ruptured disc, as the plaintiff's orthopedist himself indicated in stating his reasons for making a second myelogram.

The Deputy Commissioner's conclusion that claimant did not sustain any injury to his back, either as a direct or an indirect result of the December 10, 1966 accident, cannot be said to be unsupported by the record. Neither can it be said that he was compelled to make a contrary finding or that his findings were irrational.

Therefore judgment will be granted in favor of the defendant dismissing the complaint.