**BETHLEHEM STEEL CORPORATION,**
**Petitioner,**

v.

**Lawrence CLAYTON, Jr., and Director, Office of Workers' Compensation Programs, U. S. Department of Labor, Respondents.**

**No. 78–1235**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 10, 1978.

Rehearing and Rehearing En Banc
Denied Oct. 19, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

**114**

Mehaffy, Weber, Keith & Gonsoulin, Dewey J. Gonsoulin, Beaumont, Tex., for petitioner.

Harold J. Laine, Beaumont, Tex., Laurie M. Streeter, Assoc., Sol. of Labor, Joshua T. Gillelan, II, Carin Ann Clauss, U. S. Dept. of Labor, Washington, D. C., for respondents.

Before MORGAN, CLARK, and TJOFLAT, Circuit Judges:

PER CURIAM:

After Lawrence Clayton injured his back while working at Bethlehem Steel's shipyard in Beaumont, Texas, he filed a claim against his employer under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 et seq. Following a hearing before an administrative law judge, Clayton was awarded compensation for temporary disability; the Benefits Review Board affirmed that decision. Bethlehem Steel contends that the ALJ erred in admitting, over objection, the ex parte report from Clayton's personal physician who had examined Clayton a number of times since the accident. Bethlehem Steel further contends that if the physician's report is excluded as hearsay there is insufficient evidence to support the ALJ's findings. No responsive brief has been filed. We agree with Bethlehem Steel and remand the case to the ALJ for further proceedings.

Our decision in this case is controlled by *Southern Stevedoring Company v. Voris*, 190 F.2d 275 (5th Cir. 1951). That case also involved a claim under the Longshoremen's Act as well as a challenge to the admission of *ex parte* statements from doctors. As we said in that case, "By admitting these *ex parte* statements, upon which the deputy commissioner apparently based his decision, at least in part, the right of cross examination was effectively denied appellants upon a crucial issue. Even under the liberal provisions of the Longshoremen's Act, we can not sanction this practice." 190 F.2d at 277.

*Southern Stevedoring* has not been overruled by later cases. Dicta in *Young and Company v. Shea*, 397 F.2d 185, 188 (5th Cir. 1968), *cert. denied*, 395 U.S. 920, 89 S.Ct. 1771, 23 L.Ed.2d 237 (1969), stated that hearsay was admissible in proceedings under the Longshoremen's Act. But *Shea* did not purport to announce a different rule and, in fact, depended upon *Southern Stevedoring*. Moreover, *Shea* directly relied upon a Second Circuit case, *Rocker v. Celebrezze*, 358 F.2d 119 (2d Cir. 1966), which had held that hearsay was admissible in Social Security hearings. In a later Fifth Circuit case, however, this court carefully distinguished claims under the Longshoremen's Act from those under the Social Security Act. *Cohen v. Perales*, 412 F.2d 44 (5th Cir. 1969). *Perales* reasoned that because of the different statutory provisions, *ex parte* statements could be admitted under the Social Security Act though they could not be used under the Longshoremen's Act. In reversing this court's decision, the Supreme Court did not disturb this analysis of proper procedures; instead the Supreme Court reached a different conclusion based upon the facts. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

The decision and order is vacated and the cause is remanded for further proceedings not inconsistent with this opinion.

VACATED AND REMANDED.