370 So.2d 1359 (1979)
GEORGIA-PACIFIC CORPORATION
v.
Charles L. McLAURIN.
No. 50811.
Supreme Court of Mississippi.
May 16, 1979.
*1360 Fair & Mayo, James C. Mayo, Louisville, for appellant.
Dixon L. Pyles, Jackson, for appellee.
Before SMITH, LEE and COFER, JJ.
SMITH, Presiding Justice, for the Court:

PART I
This is an appeal by Georgia-Pacific Corporation, a self-insurer under the Workmen's Compensation Act, from a final judgment of the Circuit Court of Smith County which affirmed an award of compensation to Charles L. McLaurin, claimant-employee, by the Mississippi Workmen's Compensation Commission. We reverse and remand.
Upon the hearing before the administrative judge, claimant was allowed to introduce into evidence, over the objection of the employer-appellant, certain unsworn reports of claimant's doctor, the doctor not being present or available for cross-examination. These "reports" in the main, consisted of a series of letters written by the doctor to the claimant's attorneys. They comprised the only medical "findings" offered by claimant in support of his claim, and statements contained in them were substantially contradicted by medical experts who testified for the employer.
The action of the administrative judge in admitting these ex parte unsworn medical reports is without precedent in Mississippi.
In Dunn's, Mississippi Workmen's Compensation section 394.3 (2d Ed. 1977), it is stated:
A. Doctors' Reports: Written reports of doctors should not be admitted into evidence when the reporting doctor is not presented for cross-examination, except by agreement. No distinction in this respect should be drawn between kinds of reports. For example, reports of treating physicians as well as those of examining physicians who see the employee for evaluation for compensation purposes should be excluded as hearsay and this applies whether the reports are on required Commission forms or consist of narrative statements. On the other hand, if the doctor testifies, and is subject to cross-examination, his written report may be admitted after identification by him and after he has testified that it is correct. When so qualified and admitted into evidence, such reports may be accepted and acted upon to the same extent as if the doctor had testified at the hearing as set forth therein.
In admitting the reports, the administrative judge stated that he did so in reliance upon Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).
In Richardson v. Perales, supra, the Court stated:
The Social Security Act has been with us since 1935. Act of August 14, 1935, 49 Stat. 620. It affects nearly all of us. The system's administrative structure and procedures, with essential determinations numbering into the millions, are of a size and extent difficult to comprehend. But, as the Government's brief here accurately pronounces, "Such a system must be fair  and it must work."
(402 U.S. at 399, 91 S.Ct. at 1426, 28 L.Ed.2d at 851).
.....
We conclude that a written report by a licensed physician who has examined the claimant and who sets forth in his report his medical findings in his area of competence may be received as evidence in a disability hearing and, despite its hearsay character and an absence of cross-examination, and despite the presence of opposing direct medical testimony and testimony *1361 by the claimant himself, may constitute substantial evidence supportive of a finding by the hearing examiner adverse to the claimant, when the claimant has not exercised his right to subpoena the reporting physician and thereby provide himself with the opportunity for cross-examination of the physician.
(402 U.S. at 402, 91 S.Ct. at 1428, 28 L.Ed.2d at 853).
In 1978, the United States Fifth Circuit Court of Appeals dealt with the question of the admission into evidence of ex parte reports of doctors in cases involving disability claims brought under the Longshoremen's and Harbor Workers' Compensation Act, § 1 et seq., 33 U.S.C.A. § 901 et seq.
In Bethlehem Steel Corporation v. Clayton, 578 F.2d 113 (5th Cir.1978), one Clayton had injured his back and had filed a claim against his employer, Bethlehem, under the provisions of the Act. Following a hearing before the administrative judge, an award of compensation was made and this was affirmed by the Benefits Review Board. On appeal, employer contended that the admission of the ex parte medical report of Clayton's doctor was error and, since it was the only medical "evidence" tending to support the claim, the award was not supported by substantial evidence.
The Longshoremen's Act is closely analogous to the Mississippi Workmen's Compensation Act. In Bethlehem, the Court reviewed the authorities, including Perales, and reversed, saying:
Our decision in this case is controlled by Southern Stevedoring Company v. Voris, 190 F.2d 275 (5th Cir.1951). That case also involved a claim under the Longshoremen's Act as well as a challenge to the admission of ex parte statements from doctors. As we said in that case, "By admitting these ex parte statements, upon which the deputy commissioner apparently based his decision, at least in part, the right of cross examination was effectively denied appellants upon a crucial issue. Even under the liberal provisions of the Longshoremen's Act, we can not sanction this practice." 190 F.2d at 277.

Southern Stevedoring has not been overruled by later cases. Dicta in Young and Company v. Shea, 397 F.2d 185, 188 (5th Cir.1968), cert. denied, 395 U.S. 920, 89 S.Ct. 1771, 23 L.Ed.2d 237 (1969), stated that hearsay was admissible in proceedings under the Longshoremen's Act. But Shea did not purport to announce a different rule and, in fact, depended upon Southern Stevedoring. Moreover, Shea directly relied upon a Second Circuit case, Rocker v. Celebrezze, 358 F.2d 119 (2d Cir.1966), which had held that hearsay was admissible in Social Security hearings. In a later Fifth Circuit case, however, this court carefully distinguished claims under the Longshoremen's Act from those under the Social Security Act. Cohen v. Perales, 412 F.2d 44 (5th Cir.1969). Perales reasoned that because of the different statutory provisions, ex parte statements could be admitted under the Social Security Act though they could not be used under the Longshoremen's Act. In reversing this court's decision, the Supreme Court did not disturb this analysis of proper procedures; instead the Supreme Court reached a different conclusion based upon the facts. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).
The admission of the "reports" under the circumstances here, the doctor not being available for cross-examination, falls short of the standards set up by Rule 8 of the Workmen's Compensation Commission, which requires that evidence considered must not only be relevant, but "competent."
This rule of the Commission seems a recognition that its rule making power does not extend to admitting incompetent evidence where such admission would amount to a denial of due process. Nor does the "liberal construction" of the Workmen's Compensation Act permit the disregard of traditional notions of fair play and substantial justice in the adversary proceedings contemplated by the Act.
When the case was called on the date set, counsel for the employer had no advance notice that claimant would not call his doctor, *1362 or of claimant's intention to offer the doctor's ex parte unsworn "reports" into evidence. It is suggested that the offer of the administrative judge to continue the case so that employer could take the deposition of the doctor, obviated the objection to the reports based upon the absence of an opportunity to cross-examine. We do not agree.
In Workmen's Compensation cases the testimony of the doctor as to his "medical findings" is the sine qua non to recovery under the statute. It is an understatement to say that this testimony is important.
It is quite likely that the bench and bar would be scandalized if this Court should approve the receiving in evidence of ex parte, unsworn statements of persons other than doctors, even in Workmen's Compensation cases.
While doctors occupy an important role in our scheme of things, they are, after all, merely human, and may not be considered wholly free from the frailties that beset the rest of us. There is nothing, therefore, in the fact that a witness may be a member of the medical profession that reasonably may be said to justify his exemption from the requirements and restrictions which would apply to others giving testimony as witnesses in an adversary proceeding. The admission of the reports constitutes reversible error.
At the hearing, certain motion picture film was offered by employer, purporting to show activities of claimant inconsistent with his representation as to his physical condition. The administrative judge refused to allow the introduction of the film, apparently upon the basis of Barham v. Nowell, 243 Miss. 441, 138 So.2d 493 (1962). This was error since the record reflects a substantial compliance with the criteria set forth in Barham. The film was not forwarded here, as a part of the record, and we are unable to rule upon the relevancy or competency of its subject matter. On remand, it should be determined whether the subject matter of the film is relevant to the issue and would serve to shed light upon claimant's physical condition. If so, it should be admitted.

PART II
Section 22 of the Mississippi Workmen's Compensation Act, being Mississippi Code Annotated section 71-3-55 (1972), provides in part as follows:
In making an investigation or inquiry or conducting a hearing, the commission shall not be bound by common law or statutory rules of evidence or by technical or formal rules or procedure, except as provided by this chapter, but may make such investigation or inquiry or conduct such hearing in such manner as best to ascertain the rights of the parties... .
Pursuant to the authority granted in the above section of the original act, the Workmen's Compensation Commission adopted Rule 8 under its rules of procedure. This rule provides in part:
In compensation hearings the general rules of evidence shall be relaxed so as to permit the introduction of any relevant and competent evidence pertaining to the issue that will throw light on the matter in controversy... .
Probably the reason for the Commission's order authorizing the admission of written reports was based on the increasing cost of presenting live medical testimony at the hearings. Under the inherent rule-making power of this Court, we supplement the previous order of the Workmen's Compensation Commission, (and suggest that the Commission formally adopt a rule under its rule-making power) and provide guidelines and safeguards to apply prospectively, in such future cases (and pending cases, if practical) which will permit medical reports to be introduced as evidence by either party, to insure protection of the adversary system and the principle of non-admission of hearsay evidence under common law directives, as follows:
(1) At least thirty days prior to a hearing before the administrative judge the party desiring to introduce a written medical report from a physician shall forward a copy of the report to opposing counsel and the administrative judge, together with written notice that the original report was proposed *1363 to be introduced in evidence at the hearing without the presence of the report's author. By giving such written notice and forwarding the reports to opposing counsel, or the opposing party, if not represented by counsel, the party intending to offer the report waives the privileged communication made by the party to a physician or surgeon as provided in Mississippi Code Annotated section 13-1-31 (1972). The party against whom the report is to be offered, after written notice given as set out above, shall have the privilege of contacting the physician and/or securing his deposition prior to the hearing, and his presence at the hearing.
(2) Within fifteen days after such service, the party upon whom such report and notice shall have been served, may demand the taking of the deposition of the reporting physician. In such event, the party proposing to offer the report shall cooperate in obtaining and arranging for the taking thereof, at the earliest time and at a place convenient to all parties.
If at a hearing before the administrative judge the party against whom the written document introduced shall show sufficient cause for not being able to secure the testimony of the physician or his attendance at the hearing, the administrative judge may, in his discretion, recess the hearing in order to give such party an opportunity to complete its right of examination or cross-examination of the physician.
(3) Such report shall be signed and verified by the oath of the medical expert making it, and shall be regarded as the testimony of such expert to the facts stated in the report. False statements in the report shall subject the deponent to the same penalties, to the same extent, as if he had personally appeared and testified to such statements on oath as a witness in open court. The contents of such report shall be restricted to such matters as lie within the personal knowledge of the doctor or to which he would have been allowed to testify, if he had been personally present as a witness. Statements in the report shall be subject to the same objections as to admissibility, relevancy and competency as the testimony of the reporting doctor would have been, if he had been personally present.
(4) In taking the deposition of the opposite party's doctor under the above circumstances, the party taking same shall not be deemed to have made the doctor his witness, but shall have the same right of cross-examination, as if the doctor had testified as a witness for the party offering the report.
The case is remanded to the Mississippi Workmen's Compensation Commission for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED TO MISSISSIPPI WORKMEN'S COMPENSATION COMMISSION.
PATTERSON, C.J., and ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.